**Halcott A. BRADLEY, Petitioner,**

v.

**Paul H. PRESTON, etc., and United States of America, Respondents.**

**Civ. A. No. 1991–65.**

United States District Court
District of Columbia.

Jan. 31, 1967.

David I. Shapiro, Washington, D. C., for petitioner.

David G. Bress, U. S. Atty., Washington, D. C., for respondents.

MEMORANDUM, FINDINGS & CONCLUSIONS

LEONARD P. WALSH, District Judge.

Petitioner, Halcott A. Bradley, was indicted for murder in the first degree on February 25, 1963. On March 4, 1963, pursuant to an order of the Court signed by the then Chief Judge McGuire, petitioner was referred to the Legal Psychiatric Services for determination of two questions: (1) whether or not petitioner

was mentally competent to stand trial; and (2) whether or not petitioner was suffering from a mental disease or defect, and, if so, whether his alleged criminal act was the product of that disease or defect.

■ The report of the Legal Psychiatric Services, filed on March 13, 1963, by Dr. Daniel A. Lanham, Chief, showed the psychiatric staff which examined petitioner could answer the first question, but was unable to answer the second. Dr. Lanham's report stated: "as a result of that examination, it is my opinion that the said Halcott A. Bradley is, according to law, able to understand the proceedings against him, competent to stand trial at this time, and able to assist in his own defense." [1]

Subsequently, on March 29, 1963, Chief Judge McGuire signed a second order committing Petitioner to St. Elizabeth's Hospital for a determination of the same two questions submitted to the Legal Psychiatric Services. On June 27, 1963, Dr. Dale C. Cameron, Superintendent of the Hospital, filed his report. Dr. Cameron's staff was able to reach conclusions as to both questions submitted by the second order, but only the answer to the first question, whether or not the accused was mentally competent to stand trial, is germane to the present inquiry. His staff found, "as a result of our examination and observation, it is our opinion that Halcott A. Bradley is mentally competent to stand trial."

Also, on June 27, 1963, retained counsel representing petitioner filed a Motion to Extend Commitment at St. Elizabeth's Hospital for Further Examination, and to Authorize Employment of Psychiatrists at Government Expense. In both the motion and affidavits filed in support thereof, and particularly in the affidavit of H. Carl Moultrie, the representation is made to the court that the motion should be granted since while petitioner had been at St. Elizabeth's Hospital he had progressed from a position where

"he could lend no assistance whatsoever in the preparation of his defense" to a point where "he is now able to assist in the preparation of his defense." On July 12, 1963, this motion was heard and denied by Judge Keech.

Petitioner was convicted on December 3, 1963 and sentenced to from ten to thirty years on January 10, 1964. On appeal, the conviction was affirmed (No. 18,367, June 15, 1964) by order, and petition for rehearing en banc was denied on September 19, 1964. A pro se application for a writ of certiorari was denied by the Supreme Court on March 1, 1965, 380 U.S. 919, 85 S.Ct. 913, 13 L.Ed.2d 803. Subsequently this Court reduced sentence to from seven to twenty-one years.

On August 16, 1965, a motion to vacate sentence pursuant to 28 U.S.C. § 2255 was filed. A full hearing was had on November 4, 1965, and the motion was denied.

On appeal, (No. 19,864, June 30, 1966) the Court of Appeals in a Per Curiam opinion, remanded the matter to this Court for a legal determination of whether or not the petitioner was denied due process of law because of the failure of the Trial Court to raise sua sponte the issue of whether or not the petitioner was incompetent to stand trial because of a persistent amnesiac condition pertaining solely to the period in which the crime was alleged to have been committed. The Appellate Court left open for the Trial Court the question of whether or not this Court could deny the new application "on the ground that the files and records conclusively show that insufficient evidence of mental incompetency was introduced at trial to raise a bona fide doubt requiring the judge sua sponte to order a hearing."

Petitioner thereafter filed a Motion for Further Proceedings, and the Government filed opposition thereto.

■ Upon reconsideration of the files and records in the criminal case (No.

---

1. This statement complies with the standards for mental competency as established by Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

211–63), and upon consideration of the briefs and points and authorities filed by petitioner's counsel and the government's opposition to the motion for further proceedings, this Court is of the opinion that petitioner herein was mentally competent to stand trial and that there was not sufficient evidence to raise a *bona fide* doubt as to that competency.

As the Government points out, no question of mental competency was raised at any time during the trial or sentencing. The only evidence pertaining to competency are the reports from the psychiatric staffs of St. Elizabeth's Hospital and the Legal Psychiatric Services, and these reports are in no way contrary as they relate to mental competency. Both state unequivocally that petitioner knew the nature of the proceedings against him and that he was able to assist in his own defense.

Undoubtedly the record demonstrates that petitioner knew he was on trial for murder and understood the nature of the proceedings. Inasmuch as this case has been remanded to the Trial Court for determination of whether or not the Trial Judge should have, *sua sponte,* raised the question of mental competency at time of trial on the basis of amnesia, this Court takes the opportunity of stating that the Court has known the petitioner as a practicing lawyer in the District of Columbia for a number of years, and there was nothing in his actions during the entire course of the trial that would raise any question in the Court's mind as to petitioner's competency to assist Mr. Dodson and Mr. Moultrie, his trial counsel, in the conduct of the case.

The most conclusive way the Court has of determining whether or not the accused was aiding in his own defense is by the representations of his retained counsel. In the affidavits filed on June 27, 1963, both counsel assert that at that point petitioner had begun to assist them.

Subsequently, at the time Judge Keech denied the motion for an extension of time at St. Elizabeth's Hospital, it is noted, counsel for petitioner were of the opinion that if petitioner were returned to the D. C. Jail he would digress and no longer be of assistance to them. Had the defendant regressed to such a point where it affected his assistance on his own behalf, counsel most assuredly would have renewed the motion, or, at least, reported this fact to the Trial Court. This was never done.

There being no evidence of mental incompetency at the time of trial, the Court had no reason, *sua sponte,* to raise the question of whether or not an amnesiac condition relating to the dates involved precluded a finding of mental incompetency as a matter of law.

This Court has been unable to locate any case to support the contention that amnesia does preclude mental competency as a matter of law. Indeed, Amnesia: A Case Study in the Limits of Particular Justice, 71 Yale L.J. (1961) at page 116, reports: "In fact, there is no record of any court holding a defendant incompetent to stand trial solely on the basis of amnesia." [2] Since there is no legal authority for this proposition, this Court is of the opinion that the present set of facts does not raise a question of competency as a matter of law, or present circumstances where amnesia may affect competency, but relates only to amnesia as it affects the sanity defense.

While it is undoubtedly true that a conviction of a mentally incompetent defendant violates the due process clause of the Fourteenth Amendment,[3] the most recent case supports the finding of this Court. In Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), the Supreme Court reversed a state court conviction on the grounds that the defendant had not waived his right to a defense of mental incompetence and that

---

2. For a codification interpretation of the common law rule of competency to stand trial as it relates to amnesia, see Regina v. Podola (1959), 3 All E.R. 418.

3. Bishop v. U. S., 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956).

sufficient evidence was introduced to raise a *bona fide* doubt to cause the trial judge to order *sua sponte* a hearing on competency. The Court notes that throughout that case defense counsel continually argued that the defendant was insane, both at the time of the offense and during the trial, which the Supreme Court interpreted as "necessarily placing in issue the question of Robinson's mental competence to stand trial." 383 U.S. at 384–385, n. 6, 86 S.Ct. at 841.

In the present case, Bradley had been examined by two psychiatric staffs, both of which found him competent to stand trial. His counsel did not advise the Court that since his transfer to the D. C. Jail from St. Elizabeth's Hospital, his mental condition had deteriorated to such a point that he was no longer capable of assisting in his defense. Furthermore, this Court was present and closely considered all of petitioner's testimony, which, at the time it was given, and in retrospect, raised in the Court's mind no question as to Bradley's competency to stand trial.

The test established in Dusky v. United States, supra, to determine competency to stand trial is by no means the test to be applied for a determination of criminal responsibility at the time the offense was committed.[4] Therefore, since this Court rejects the contention that amnesia precludes competency as a matter of law, and applying the *Dusky* standard, this Court makes the following findings of facts and conclusions of law:

### Findings of Fact

1. Petitioner was indicted for murder in the first degree on February 25, 1963. On March 1, 1963, petitioner was referred to the Legal Psychiatric Services for a mental examination. On March 29, 1963, petitioner was committed to St. Elizabeth's Hospital for a further mental examination.

2. Petitioner was convicted by a jury of murder in the second degree on December 3, 1963, after thirteen days of trial, and on January 10, 1964, he received a sentence of ten to thirty years of imprisonment.

3. Petitioner's conviction was affirmed on appeal on June 30, 1964. His petitions for rehearing and rehearing *en banc* were denied on September 18, 1964. On March 1, 1965 the Supreme Court denied petitioner's petition for writ of certiorari.

4. On May 28, 1965, petitioner's sentence was reduced to seven to twenty-one years.

5. On March 16, 1965, petitioner filed the present petition for a writ of habeas corpus or in the alternative motion to vacate sentence pursuant to 28 U.S.C. § 2255.

6. On November 4, 1965, a hearing on the petition and motion was held, at which petitioner was present.

7. At the time of hearing on his motion, petitioner stated that in addition to the grounds for relief set forth in his petition, he was requesting the Court to hold an evidentiary hearing to determine the nature and adequacy of the mental examination made of him by St. Elizabeth's Hospital pursuant to the Order of the Court of March 29, 1963.

8. By Order dated November 22, 1965, the petition of March 16, 1965, was denied.

9. The Court of Appeals remanded this case to the District Court on June 30, 1966.

10. On July 26, 1966, petitioner filed a Motion for Further Proceedings after Remand.

11. The Government filed Opposition to this motion on November 15, 1966.

Wherefore, the Court makes the following:

### Conclusions of Law

1. A claim of amnesia does not, in itself, as a matter of law, preclude a

---

4. James v. Boles, 4 Cir., 339 F.2d 431; United States v. Kendrick, 4 Cir., 331 F.2d 110; Lyles v. United States, 103 U.S. App.D.C. 22, 254 F.2d 725; Stewart v. United States, 107 U.S.App.D.C. 159, 275 F.2d 617.

finding of mental competency to stand trial.

2. Assuming, arguendo, that amnesia would under some circumstances, and without detailing what those circumstances may be, render a defendant incompetent to stand trial, those conditions were not present in this case, where there was no substantial evidence as to incompetency.

3. The files and records in the case conclusively show that insufficient evidence of mental incompetency to stand trial was introduced at trial to raise a *bona fide* doubt requiring the Trial Court to *sua sponte* order a hearing.

4. Viewing the evidence of mental competency, and the Trial Court's own witnessing of the demeanor of petitioner, Halcott A. Bradley was mentally competent to stand trial. The standards required by Dusky v. United States, supra, were fully met and petitioner was not denied due process.

5. The Motion for Further Proceedings after Remand will be denied.

Appropriate order to be submitted by the United States Attorney.