73 So.2d 540

### DOUGHTY v. TARWATER.

6 Div. 670.

Supreme Court of Alabama.

Jan. 14, 1954.

Rehearing Denied June 30, 1954.

Walter G. Woods, Tuscaloosa, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for appellee.

CLAYTON, Justice.

This is an appeal under Sect. 369, Tit. 15, Code of Alabama 1940, from a judg-

ment of Hon. W. C. Warren, Judge of the Circuit Court of Tuscaloosa County, Alabama, ordering and adjudging: That J. P. Doughty, alias Pink Doughty, is not entitled to his discharge on habeas corpus, that the writ be discharged and that appellant be remanded to the custody of Dr. J. S. Tarwater, as Superintendent of Bryce Hospital, a State institution for treatment of the insane at Tuscaloosa, Alabama.

Appellant was under indictment for murder in Pickens County, Alabama, in 1934. While said indictment was pending, Hon. Benj. F. Elmore, as presiding judge of the Circuit Court of said county, ordered the sheriff of the county to deliver the defendant to the Superintendent of the State Hospitals for the Insane at Tuscaloosa, and in the same order appointed the said Superintendent and two members of his medical staff to constitute a Commission of Lunacy to determine the mental condition of appellant so far as it affected the criminal responsibility of the defendant, and further ordered that as soon as the Commission had reached a conclusion as to the mental condition of such defendant to make a written report of its findings to the said Court.

The further order of the Circuit Court of Pickens County recited that the finding of the said Commission was that J. P. Doughty was insane at the time of the report and at the time of the commission of the offense, adjudged him to be insane, and ordered the Superintendent of the State Hospital for Insane to hold him in custody until such time as he should be restored to his right mind.

The foregoing proceedings were held under authority of Sects. 4575 and 4577 of the Code of 1923, and Sect. 4574(1) of Michie Code of 1928, all of which (Acts 1933, Ex.Sess., p. 144), are now Sects. 425, 426 and 428, Tit. 15, of the Code of Alabama 1940.

It is admitted that appellant was confined in the insane hospital at Tuscaloosa on April 29, 1935, at the time Judge Elmore in Pickens County made the order adjudging him to be insane and ordering him committed to the insane hospital until restored to his right mind.

On the trial of the writ of habeas corpus, the evidence consisted of a copy of Judge Elmore's order of commitment, the hospital record showing that petitioner had been given many examinations by the staff of hospital doctors, some of recent date, and that every doctor who examined him found him to be insane.

The petitioner, appellant, testified that he had been confined continuously in the insane hospital since 1934, and that in his own judgment he was not insane.

Appellant attacks the three Code sections as violative of the due process clause of the Constitution of the United States and of the Constitution of the State of Alabama, in that under the proceeding he was denied a jury trial on the question of his commitment, and was ordered by the Court in Pickens County to be committed to the insane hospital in Tuscaloosa County while he was confined in the hospital in Tuscaloosa County, and without notice to him, and without his presence in court.

Counsel for appellant candidly admits that this court has ruled adversely to his contention in the recent case of Moses v. Tarwater, 257 Ala. 361, 58 So.2d 757, and seeks an overruling of that decision. We prefer to adhere to the holding of that case.

The decree of the Judge of the Circuit Court of Tuscaloosa County is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.