**George H. BRASIER, Plaintiff,**

v.

**Clark JEARY et al., Defendants.**

Civ. No. 77 L.

United States District Court
D. Nebraska.

Sept. 19, 1957.

J. A. Hayward, Lincoln, Neb., for plaintiff.

C. Russell Mattson, Lincoln, Neb., for defendant Clark Jeary.

Jack M. Pace, Lincoln, Neb., for defendants Erickson and Ash.

William L. Walker, Lincoln, Neb., for defendants Brehm, and others.

Elmer Scheele, Lincoln, Neb., for defendant American Forward Ass'n, Inc.

VAN PELT, District Judge.

This matter is now before the Court on the Motion for Rehearing filed by plaintiff in which he complains of the ruling of this Court of August 7, 1957 denying plaintiff, who appeared before the Court, the right to personally argue the motions which were that day set for hearing.

The Court, having been alerted to plaintiff's request by plaintiff's counsel prior to August 7th, had some opportunity to brief the question and upon consideration thereof, after the request was formally made, denied plaintiff personally the right to argue the motions and orally stated its reasons for the ruling. The matter then proceeded with plaintiff's counsel arguing the motions which had been set for hearing.

It should be stated as a part of the factual background that plaintiff's original Complaint was printed and is signed personally by plaintiff and is also signed by his attorney, J. A. Hayward, as follows:

"/s/ George H. Brasier,
    Pro se and,
/s/ J. A. Hayward
    Resident attorney for plaintiff, 138 North 12th Street, Rm 223,
    Lincoln 8, Nebraska."

The printed brief filed by plaintiff in support of his Motion for Rehearing, and signed pro se, does not persuade the Court that it was in error in the ruling announced and the Motion for Rehearing will be overruled.

It is the Court's judgment, based largely on experience as advocate in the trial of cases, because this Judge's service on the bench began August 1st, that the orderly administration of the judicial processes requires that when a party has counsel, counsel shall make all appearances, including the argument of motions, and counsel only shall make the objections to be made to the reception of evidence and the arguments to the court or jury. It is the Court's opinion that to permit clients to do any one or more of these things or to permit parties to do so where they have designated themselves as appearing pro se and in addition have employed an attorney, would not only disturb the orderly administration of judicial processes, but would also result in delays in judicial administration.

The Court has been advised that plaintiff in this case may propose to use counsel to advise him on matters of law and the reception of evidence and expects at the trial to request the right to examine and cross-examine witnesses and plaintiff believes that he has the right, and may request permission, to make arguments, either to the Court or to the jury. The Court, therefore, has gone beyond the matters immediately before it, in order to answer plaintiff's inquiry as to the full impact of the Court's orally announced ruling.

This Court believes that the use of the disjunctive "or" in Title 28, U.S. C.A. § 1654, is controlling and that in the Federal Courts a party has no right to be heard both in person and by an attorney. Specifically, in this case, the plaintiff, having counsel, the Court holds that plaintiff has no right to be heard in person whenever either his whim or his considered judgment dictates and having employed counsel must rely upon his chosen counsel.

The Court believes that the ruling of Judge Medina in United States v. Foster, D.C., 9 F.R.D. 367, is instructive and correct. See, also, Shelton v. United States, 5 Cir., 205 F.2d 806.

Plaintiff in his brief contends that he has associated a resident attorney with him pursuant to Rule 9 of this Court. Rule 9 cannot be read to apply to cases filed pro se. It reads:

"Admission to Try a Particular Case.

"All attorneys residing outside of the District, and having business in this court, shall associate with them in the action a resident attorney on whom notice may be served and who shall have the authority to act for and on behalf of the client in all matters, incuding pre-trial conferences and the trial of the case. Such resident attorney shall sign the first pleading filed and continue in the case unless other resident counsel be substituted."

An appropriate Order will this day be entered.