George H. BRASIER, Appellant,

v.

Clark JEARY, Pat Ash, David L. Erickson, Harry Brehm, George A. Mehser, Conrad Schneider, Jack Schlegel, Welfare Society, Inc., America Forward Association, Inc., and Others Unknown, Appellees.

No. 15937.

United States Court of Appeals
Eighth Circuit.

June 23, 1958.

Rehearing Denied July 21, 1958.

George H. Brasier, Tulsa, Okl., appellant, pro se.

No appearance for appellees.

Before GARDNER, Chief Judge, and VOGEL and MATTHES, Circuit Judges.

VOGEL, Circuit Judge.

In this appeal there is raised the single question of whether a party to a civil suit may appear *pro se* and insist on the right to be represented by counsel at the same time. Appellant, a non-resident of Nebraska, commenced this suit for damages signing the complaint "George H. Brasier, Plaintiff, pro se". The complaint was also signed by "J. A. Hayward, Resident Attorney", with whom appellant had a written contingent fee contract. Before commencement of the jury trial and in chambers, Mr. Hayward made the following motion:

"On behalf of the plaintiff we move the court for permission for the plaintiff, inasmuch as he has filed his petition pro se here in this case, and wishes to assist counsel in conference on various questions and matters involved in this case, and to assist counsel in argument, to aid counsel in making a statement to the court of such matters either overlooked by counsel or that he considers proper in connection with counsel's statements during the progress of the trial involved in this case."

The motion was denied. See the trial court's opinion, Brasier v. Jeary, D.C. 1957, 154 F.Supp. 631. "J. A. Hayward of counsel" appears on appellant's brief in this court but appellant, personally, presented the oral argument without assistance.

28 U.S.C.A. § 1654 provides as follows:

"*§ 1654. Appearance personally or by counsel*

"In all courts of the United States the parties may plead and conduct their own cases personally *or* by counsel, as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." (Emphasis supplied.)

Appellant's first contention is that the foregoing statute is so indefinite and vague that it "\* \* \* is violative of the essentials of 'due process of law' secured by the Fifth Amendment to the Federal Constitution". His second contention is that he possesses a fundamental right to appear in person in the federal courts and to "\* \* \* conduct the prosecution of his own controversy with aid of associate counsel, and that Congress and the Judiciary do not have one scintilla of authority to deny that right, and to do so, would be violative of 'due process of law' secured by the Fifth Amendment to the Federal Constitution."

We do not find § 1654 vague and indefinite as contended by the appellant. It seems to us that it clearly sets forth that in all courts of the United States parties have the right to plead and conduct their cases personally *or* by counsel and that such representation by counsel shall be in accordance with the rules of the courts.

Appellant directs our attention to Rule 9 of the District Court of the District of Nebraska as follows:

"Admission to Try a Particular Case

"All attorneys residing outside of the District, and having business in

this court, shall associate with them in the action a resident attorney on whom notice may be served and who shall have the authority to act for and on behalf of the client in all matters, including pre-trial conferences and the trial of the case. Such resident attorney shall sign the first pleading filed and continue in the case unless other resident counsel be substituted."

The rule is directed specifically to nonresident attorneys and is similar to rules adopted in most jurisdictions, having the twin objectives of convenience for service of process and the presence of counsel within the jurisdiction of the court. It is not applicable to a *pro se* proceeding. If any attempt were made to force nonresident parties to employ resident counsel in the manner contemplated by Rule 9, supra, then grave doubt would be cast upon the legality of such proposed rule. It seemingly would violate 28 U.S.C.A. § 1654, supra. We think local Rule 9 is of no aid to appellant in his present contention.

■■ As to appellant's second point, there is no doubt about his possessing the right to appear in person and conduct the prosecution of his own case, but we do not agree that in doing so he possesses the fundamental right to also have the aid of counsel. 28 U.S.C.A. § 1654 is directly derived from the first Judiciary Act of September 24, 1789, c. 20, § 35, 1 Stat. 73, 92. R.S. of 1873, § 747. In its original form, the statute read:

"In all the courts of the United States the parties may plead and manage their own causes personally, *or* by the assistance of such counsel or attorneys at law as, by the rules of the said courts, respectively, are permitted to manage and conduct causes therein." (Emphasis supplied.)

In Osborn v. President, etc., of United States Bank, 1824, 9 Wheat. 738, 829–830, 22 U.S. 738, 829–830, 6 L.Ed. 204, Mr. Chief Justice Marshall, in deciding a related question, made the following statement:

"*Natural persons may appear in court, either by themselves, or by their attorney.* * * * A corporation, it is true, can appear only by attorney, *while a natural person may appear for himself. But when he waives this privilege, and elects to appear by attorney,* no reason is perceived, why the same evidence should not be required, that the individual professing to represent him has the authority to do so, * * *." (Emphasis supplied.)

The original passage of the subject statute during the initial year of our present form of government and its several re-enactments without substantial change do not preclude the existence of a contrary fundamental constitutional right, but they are highly persuasive of its non-existence. The assumed propriety and definition of the statute's effect as indicated by Osborn v. President, etc., of United States Bank, supra, further diminishes the probability of existence of the right claimed here by appellant. In the absence of any specific provision in the Constitution or a showing of a practice in the Colonies contrary to 28 U.S.C.A. § 1654, resort may be had to the prior law of England for a determination of appellant's claimed right. See Den ex dem. Murray (Murray's Lessee) v. Hoboken Land & Improvement Co., 1855, 18 How. 272, 276, 277, 59 U.S. 272, 276, 277, 15 L.Ed. 372. Research discloses that when attorneys were first permitted to appear for a party as a matter of course under the Statute of Westminster, Second, ch. 10 (A.D. 1285) Coke's Institutes, Second (Ed. of 1817), an appropriate writ commanded in part "that the attorney whom S. shall make in his stead to do suit for him" be received "in the place of the said S. for this purpose". Fitzh.Nat.Brev. 156 (1534) (9th ed. 1794).

In Coke's Institutes, Fourth, (1644) (Ed. of 1817) at page 296, we find language similar to that of 28 U.S.C.A. § 1654:

"And any person that is to make any claim may the first day of the Eire (circuit court) *either* make it in person *or* by atturny, * * * See before cap. Justices in Eire the writ in the Regist(er). 19. a. W(estminster). 2. cap. 10." (Emphasis and parentheses supplied.)

We think it clear that the statutes and settled usages of England provided that parties litigant were to make their claims *either* in person *or* by attorney. The alternative appears to be very clear, justifying the conclusion that where a person elected to appear by attorney, he waived the privilege of appearing for himself. Cf. Osborn v. President, etc., of United States Bank, supra. We find nothing in our research to justify appellant's assertion that he possesses the fundamental right to appear for himself personally and also be represented by counsel at the same time. Denial of the right to appear in both capacities is not, in our opinion, violative of "due process of law" as secured by the Fifth Amendment.

There is another factor which should be weighed with appellant's claimed right. That is the power and responsibility of a federal judge in a jury trial to govern and control the conduct of the trial. See Herron v. Southern Pacific Co., 1931, 283 U.S. 91, 95, 51 S.Ct. 383, 384, 75 L.Ed. 857, wherein it is said:

"In a trial by jury in a federal court, the judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law. This discharge of the judicial function as at common law is an essential factor in the process for which the Federal Constitution provides."

It should be noted here that attorney Hayward's motion in behalf of the appellant requested that the appellant be allowed to "assist counsel in argument" and "to aid counsel in making a statement to the court of such matters either overlooked by counsel or that he considers proper in connection with coun-

sel's statements during the progress of the trial * * *." This is an effort by a party to a civil suit to have counsel represent him and to also have the unqualified right to interfere with the proceedings at any point he desires, to join in the arguments to court and jury, and to supplement his counsel's statements whenever he saw fit to do so. This we believe comes clearly within the discretionary power of a trial judge to control and regulate the orderly procedure of the trial. Herron v. Southern Pacific Co., supra. Even in criminal matters it has consistently been held that it was not error to deny a defendant's request that he be permitted to act as his own counsel at a time when he was represented by counsel of his choice. In the very recent case of Egan v. Teets, 9 Cir., 1957, 251 F.2d 571, 578–579, it was held that the trial court's denial of Egan's request that he be permitted to act as his own counsel at the same time that he was represented by counsel of his own choice did not deprive Egan of any federal constitutional right. In United States v. Foster, D.C.N.Y., 9 F.R.D. 367, Judge Medina held that an accused has no right to be heard both in person and by attorney. In denying the request of one of the defendants to be allowed to discharge his attorney (held to be mere subterfuge and not in good faith) and argue his own case to the jury, Judge Medina stated, at page 372:

"In the federal courts, where a defendant has no right to be heard both in person *and* by attorney, it would seem clear that the control of the proceedings by the court is no less extensive. Cf. Eury v. Huff, 4 Cir., 1944, 141 F.2d 554; Overholser v. De Marcos, 1945, 80 U.S. App.D.C. 91, 149 F.2d 23, 26."

See also State v. Townley, 1921, 149 Minn. 5, 182 N.W. 773, 17 A.L.R. 253, 271, certiorari denied 257 U.S. 643, 42 S.Ct. 54, 66 L.Ed. 413. In Shelton v. United States, 5 Cir., 1953, 205 F.2d 806, 812, the defendant in a criminal case was denied the right "to manage his own case and yet have the assistance of coun-

sel". There " * * * defendant persisted in his contention that, under the Constitution of the United States, he had the right to assistance of counsel, as he interpreted those words, and that the statute, section 1654, Title 28 U.S. C.A., which undertook to state the defendant's right in the alternative was contrary to the Constitution and invalid." The Court of Appeals for the 5th Circuit stated, at page 813 of 205 F.2d:

> "We cannot agree with the defendant that the statute was invalid or that the action of the court in declining to permit the defendant to dictate the way in which his case should be tried, deprived him of any constitutional right. Indeed, his stubborn and persistent contentiousness in respect to the reasonable rulings and requests of the trial judge in the matter of the conduct of the trial and the judge's patience and uniform courtesy in conducting it under great difficulties both tremendously and unduly prolonged the trial and afforded him the widest latitude to get before the jury matters he wished them to know without his having to take the stand."

See United States v. Private Brands, Inc., 2 Cir., 1957, 250 F.2d 554, certiorari denied 355 U.S. 957, 78 S.Ct. 542, 2 L.Ed. 2d 532; United States v. Mitchell, 2 Cir., 1943, 137 F.2d 1006, rehearing 2 Cir., 138 F.2d 831, certiorari denied 321 U.S. 794, 64 S.Ct. 785, 88 L.Ed. 1083, rehearing denied 322 U.S. 768, 64 S.Ct. 1052, 88 L.Ed. 1594.

The Court of Appeals for the District of Columbia, in Overholser v. De Marcos, 1945, 80 U.S.App.D.C. 91, 149 F.2d 23, 26, certiorari denied 325 U.S. 889, 65 S.Ct. 1579, 89 L.Ed. 2002, had occasion to comment about the conduct of a case in which the petitioner, in a *habeas corpus* proceedings, was represented by counsel but nevertheless conducted his own case:

> "During the hearing the petitioner was represented by counsel. Nevertheless the court permitted petitioner to conduct the trial while his counsel sat silent. This is an undesirable practice. Where a party is represented by competent counsel his case should be conducted by that counsel unless it becomes apparent that the interests of justice require the party's active participation pro se. Such circumstances are rare and were not present in this case."

We conclude that the appellant has no constitutional or other right to conduct his own case *pro se* and have the aid of counsel to speak and argue for him at the same time. It may be, as suggested by the Court of Appeals of the District of Columbia in Overholser v. De Marcos, supra, that in rare circumstances it might be good practice and could aid in the fair presentation of claim or defense if a party were allowed to actively participate in the conduct of the trial, even though represented by counsel. The determination of when such situations arise rests squarely with the trial judge, who bears the responsibility for the orderly conduct of the trial, and an appellate court should not interfere with the trial court's exercise of that discretion. Here the appellant's complaint asserted that the several defendants had "by way of conspiracy, fraud and other illegal means" committed some 220 separate and distinct illegal acts "* * * against the person and property" of appellant. Appellant also claimed a consequent deprivation of his civil rights. The orderly conduct of this potentially complicated trial was the responsibility of the trial judge. It was within his power to grant or deny the motion made by appellant's counsel. In exercising his discretion he committed no error.

Affirmed.