**Clayton W. JAMES, Appellant,**

v.

**Otto C. BOLES, Warden of the West Virginia State Penitentiary, Appellee.**

No. 9503.

United States Court of Appeals Fourth Circuit.

Argued Oct. 9, 1964.

Decided Nov. 20, 1964.

Paul L. Teare, Wheeling, W. Va. (Court-assigned counsel), for appellant.

George H. Mitchell, Asst. Atty. Gen. of W. Va. (C. Donald Robertson, Atty. Gen. of W. Va., on brief), for appellee.

Before HAYNSWORTH and BRYAN, Circuit Judges, and GORDON, District Judge.

GORDON, District Judge:

Petitioner appeals from an order of the United States District Court for the Northern District of West Virginia dismissing his petition for habeas corpus. The decision of the District Court is affirmed.

At the January 1962 Term of the Intermediate Court of Kanawha County, the petitioner was indicted by the Grand Jury for statutory rape of his fourteen-year-old stepdaughter, who was also his adopted daughter. The offense was alleged to have occurred December 15, 1961. At his trial the Intermediate Court for Kanawha County, which was held March 5–6, 1962, petitioner was represented by privately employed counsel.

Petitioner was found guilty, and he was sentenced to life imprisonment.

Earlier, on April 24, 1961, petitioner had been found mentally ill by the Kanawha County Mental Hygiene Commission and then he had been committed to Spencer State Hospital. The staff of the latter institution concluded on May 17, 1961, that James exhibited a "schizophrenic reaction, paranoid type," a form of psychosis which had been present for many years. On July 21, 1961, petitioner had been released from the hospital upon a "trial visit," the hospital staff being of the opinion that he was then in a quiescent period.

Petitioner appealed to the Circuit Court of Kanawha County, West Virginia, which Court said in its decree that the judgment of the lower court was "plainly right" and held against the petitioner. Petitioner then applied to the Supreme Court of Appeals of West Virginia for a writ of habeas corpus. The petition was denied. Application was made to the Supreme Court of the United States for a writ of certiorari which was denied. 375 U.S. 907, 84 S.Ct. 200, 11 L.Ed.2d 147. Petitioner then made application for a writ of habeas corpus in the United States District Court for the Northern District of West Virginia, which after a hearing was refused. From the latter court, this appeal arose.

Petitioner contends that he was not guilty of the offense by reason of his insanity at the time. He also contends that he was not competently represented at the trial as the defense of insanity was not presented, and further contends that he could not adequately defend himself at the trial due to his mental condition.

Upon his application to the District Court, a hearing was held with respect to the mental state of the petitioner at the time of his trial. At the hearing, those present were the petitioner, the Superintendent of the Mental Institution to which the petitioner was committed, the attorney who represented petitioner at the trial and the Prosecuting Attorney at the trial. The Court found

that petitioner was represented by a competent and experienced trial lawyer. The testimony revealed that the petitioner had testified in his own behalf, and his testimony, upon examination and cross-examination, was in all respects responsive to the questions. He evinced a full appreciation of the charges and the issues involved, and had a full recollection of the facts. The defense of insanity was raised at no time during the trial. It was shown that the petitioner's attorney, although aware of petitioner's commitment to the state hospital, did not raise the defense as he was advised, and justifiably believed, that petitioner's short stay in the mental hospital was the result of spitework on the part of his wife. Also, petitioner's attorney was of the justified opinion that petitioner was not suffering from any mental incapacity either at the commission of the crime or during trial.

■■ Unless clearly erroneous, this Court is bound by the District Court's findings of facts. Federal Rules of Civil Proc., Rule 52, 28 U.S.C.A. From the record on appeal, this Court can find no such error.

■ It appears that petitioner was aware of the proceedings and understood their import. The standard by which the courts must abide in regard to the mental capacity required of one to stand trial is ably stated by the Court in Lyles v. United States, 103 U.S.App.D.C. 22, 254 F.2d 725, 729, 730 (1957):

"As of the time of the trial the question, as prescribed by statute, is whether the accused is mentally competent to understand the nature of the charges against him and to assist in his defense. He may have a mental disease, and the mental disease may have been the cause of his criminal act, and he may be suffering from the same disease at the time of his trial; but it is a scientific fact that he nevertheless may be competent to stand trial under this definition of competency. A paranoiac or a pyromaniac may well understand the charges against him and be able to assist in his defense. 'To assist in his defense' of course does not refer to legal questions involved but to such phases of a defense as a defendant usually assists in, such as accounts of the facts, names of witnesses, etc.
* * * "

We have examined the petitioner's testimony at the time of his state court trial. It is lucid and coherent. Viewed in the light of the testimony taken in the District Court, it clearly warranted the finding that James was competent to stand trial and was thoroughly able to assist his attorney in his own defense and to actively and helpfully participate in it. It tends to support, too, the District Judge's finding that the petitioner's representation in the trial court by his employed counsel was not so deficient as to amount to a constitutional defect. The attorney would have protected himself from this sort of charge had he sought in advance of trial an examination of the defendant for the purpose of current findings as to his capacity to stand trial, but the testimony in the habeas corpus proceedings leaves no doubt about the outcome of such an inquiry if it had been made before trial. Finally, the minimal nature of the mental defect, considered in the light of his attorney's knowledge of his client and the background of his commitment to the hospital, justifies the District Court's ultimate finding that the trial attorney was not greatly neglectful of his responsibilities when he presented no defense based upon his client's mental condition at the time the crime was committed, a defense which the petitioner disclaimed and which may have been thought to have been of possible prejudice to the real defense, which was emphatically presented, that there had never been any criminal conversation with the prosecutrix.

As the findings of the District Court are not clearly erroneous, the Court's order is affirmed.

Affirmed.