**Henry Taul McDONALD, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 22339.

United States Court of Appeals
Fifth Circuit.

Feb. 2, 1966.

———◆———

James J. Thornton, Jr. (Court-appointed), Shreveport, La., for appellant.

Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for appellee.

Before WHITAKER, Senior Judge,* and WISDOM and THORNBERRY, Circuit Judges.

PER CURIAM:

This case is before the court on appeal from the denial by the United States District Court for the Western District of Louisiana of appellant's motion to vacate the judgments of conviction of the violation by him of the Dyer Act (the National Motor Vehicle Theft Act), 18 U.S.C. §§ 2312–2313 (1948), on the ground of his insanity.

On September 26, 1946, appellant, represented by counsel employed by him, plead guilty to the charge and was sentenced to a term of five years on Count I of the Information. Sentence was suspended on the other two counts, but appellant was placed upon supervised probation beginning after the expiration of the sentence on Count I.

He was conditionally released from prison on February 13, 1950. Six days

* Of the U. S. Court of Claims, sitting by designation.

after his conditional release, he was convicted by a Texas State court for armed robbery, and sentenced to eight years in the penitentiary. He was released from the Texas prison after serving five years of the eight-year sentence. Upon his release he was turned over to the United States penitentiary at Leavenworth, a warrant for his arrest and a detainer having been issued by the Federal parole board upon his conviction of the armed robbery charge. Having violated the terms of his probation, he was required to serve the remainder of his sentence on Count I of the Information for violation of the Dyer Act. After having done so, he was released on March 27, 1956, on supervised probation.

On November 7, 1960, a rule to revoke his probation was served upon him for violation of the terms of his probation, to which he plead guilty. He was sentenced by the district court to serve five years each on Counts II and III of the Information charging violation of the Dyer Act.

After having unsuccessfully prosecuted a motion filed in April 1962 to vacate the judgment and sentence, appellant filed a second motion to vacate on the ground he was legally insane. [at the time he was sentenced both in 1946 and in 1960, and therefore unable to "intelligently assist counsel" in his own defense and to intelligently choose the pleas to be entered in his defense,]

After the court had appointed counsel to represent him in the prosecution of his motion and evidence had been taken on the question of his sanity, a motion was made for permission to amend the motion to vacate on the additional ground the appellant was insane at the time the offenses were committed, which was granted.

The district court has found that at the time appellant entered a plea of guilty to the charges against him, and at the time of his sentence, and at the time he was convicted of armed robbery by the Texas State court, and at the time of his plea of guilty of violation of the conditions of his probation, "he was able to comprehend the difference between right and wrong, was able to adhere to the right, fully understood the nature of the charges against him, was able to cooperate with his attorney and aid in his own defense."

These findings are amply supported by the testimony and, on the authority of Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895), and Davis v. United States, 165 U.S. 373, 17 S.Ct. 360, 41 L.Ed. 750 (1897), Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), and the opinions of this court in Argent v. United States, 5 Cir., 325 F.2d 162 (1963), and in Boerngen v. United States, 5 Cir., 326 F.2d 326 (1964), they support the conclusion of the district court that appellant was legally sane at the times he committed the offenses and at the time of his trials and when he plead guilty to violation of his parole.

Appellant's appeal is accordingly denied.