Huey R. LEE, Appellant,

v.

STATE OF ALABAMA, Appellee.

No. 25878.

United States Court of Appeals
Fifth Circuit.

Nov. 22, 1968.

Rehearing En Banc Denied
Feb. 3, 1969.

Huey R. Lee pro se.

MacDonald Gallion, Atty. Gen., W. Mark Anderson, III, Special Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before RIVES and DYER, Circuit Judges, and MEHRTENS, District Judge.

RIVES, Circuit Judge.

The roots of this litigation extend back for more than 26 years to July 6, 1942 when Huey R. Lee was arrested and charged with the murder of his father. His trial resulted in a judgment of conviction for murder in the first degree with punishment fixed at life imprisonment. Since that judgment was affirmed by the Supreme Court of Alabama,[1] and certiorari denied by the Supreme Court of the United States,[2] it has been the subject of continuous and

1. Lee v. State, 1944, 246 Ala. 343, 20 So. 2d 471.

2. Lee v. Alabama, 1945, 325 U.S. 888, 65 S.Ct. 1576, 89 L.Ed. 2002.

repeated post-conviction hearings, state and federal, which have been adequately recited in earlier opinions of this Court.[3] This Court's 1967 en banc decision reversed the district court's dismissal of the petition for habeas corpus and remanded the case with specific directions formulated in the light of Pate v. Robinson, 1966, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815. The en banc Court directed:

"* * * that the state be afforded an opportunity promptly to demonstrate to the trial court that there has actually been a determination of Lee's mental capacity to stand trial on or about October 27 and 28, 1943, in default of which the trial court shall proceed to a disposition of the case in the light of the Supreme Court's decision in Pate v. Robinson, supra. This court concludes after careful consideration of the Supreme Court's decision and opinion in that case that it will be the duty of the trial court, under such circumstances, to decide whether it can conduct an adequate hearing on the question of Lee's competency to stand trial in 1943. If it cannot, it will be under the obligation to set aside the judgment of conviction and remand the case to the state courts for a new trial at which time it will, of course, be open to Lee to have an adequate hearing on his then mental capacity to stand trial.

"Upon the remand of this case it will also be permissible for appellant to develop in a factual way any contention as to the alleged conspiracy which he has heretofore vaguely charged and to allege any other basis for habeas corpus relief which he considers appropriate."

Lee v. Alabama, 1967, 5 Cir., 386 F.2d 97, 108.

Pursuant to this mandate the district court carefully formulated four questions to be answered at the hearing on remand:

"(1) Whether there was in fact a constitutionally adequate determination in the state court of Lee's capacity to stand trial on or about October 27, 1943.

"If not,

"(2) Whether this Court can, at the present time, conduct an adequate and meaningful hearing on the question of Lee's competency to stand trial on October 27, 1943.

"If so,

"(3) Whether Lee was, in fact, mentally competent to stand trial on October 27, 1943.

"(4) Whether there exists 'any other basis for habeas corpus relief which' may be presented by petitioner at this time. If petitioner desires to assert any ground other than those set out in the petition in this cause presently on file, it is ORDERED that written notice thereof be given the Attorney General for the State of Alabama and the Clerk of this Court within 10 days from this date."

Lee v. Alabama, M.D.Ala.1967, 291 F. Supp. 922.

At the hearing Lee represented himself. In a "Motion to Proceed" filed August 30, 1967, Lee had stated:

"Petitioner, Huey R. Lee, is, and will be, representing himself in any and all hearings in this cause, and does not desire the appointment of counsel to represent him, never has so desired, and will neither accept nor submit to appointment thereof, although, for the sake of facilitating pre-trial procedure and general understanding in the matter, he is and will be willing to confer and discuss same with any competent agent or go-between designated by the Court."

On this appeal, likewise, Lee has represented himself and has filed an orig-

3. Lee v. Wiman, 1960, 5 Cir., 280 F.2d 257; Lee v. Alabama, 1967, 5 Cir., 373 F.2d 82; on rehearing en banc, 1967, 5 Cir., 386 F.2d 97.

inal brief of 28 typed pages and a supplemental brief of 20 typed pages. Both briefs have been carefully read and considered. The appeal was submitted on briefs without oral argument.[4]

██ We think it clear, under the circumstances, that in this habeas corpus proceeding Lee has not been unconstitutionally denied the assistance of counsel either in the district court or on appeal.[5] The applicable federal statute provides:

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

28 U.S.C. § 1654. Under that statute Lee had a right to represent himself or to be represented by counsel, but he had no right to a hybrid representation partly by himself and partly by counsel.[6]

██ Lee's present mental competency to represent himself both in the district court and on appeal is not an issue here. Indeed, the district court impliedly found Lee competent to exercise his statutory rights. Cf. United States v. Davis, E.D.Tenn.1966, 260 F.Supp. 1009, 1019, aff'd, 6 Cir. 1966, 365 F.2d 251. Under such a finding, neither the district court nor this Court has the power to force Lee to accept representation by counsel. As held in McKenna v. Ellis, 5 Cir. 1959, 263 F.2d 35, 41:

"The defendant, being sui juris and mentally competent, had a right to rely on his own skill and ability and to conduct his defense in person without the assistance of counsel; and the court was not justified in imposing assigned counsel on the defendant against his will."

In its previous opinions, this Court has treated Lee's primary claim as being that he was not competent to stand trial in 1943 when he was convicted. On this last hearing Lee specifically repudiated any such contention: "I have no disposition to challenge the fact that I was mentally competent at that time. I was mentally competent."[7] Instead, Lee now refers to insanity as "the fictitious and fraudulent ground * * * perpetrated by conspiracy" and to conspiracy as *"the only real ground ever in the case."*

In an addendum to his petition for habeas corpus, Lee detailed his claim of conspiracy:

"The ground advanced for consideration of claims of Constitutional violations in the cited facts of the petition is that of conspiracy; the ground itself may be subdivided, segmented, in the total sequence of events on the face of cited records, as follows:

"1.

"A conspiracy to perpetrate a fraud, viz., petitioner's insanity. The first overt act of record after petitioner's arrest July 6, 1942, was a petition filed in the trial court July 13, 1942, by a deputy sheriff of the trial county alleging instant petitioner's insanity. That first attempt at perpetration was legally frustrated July 20, 1942, by a jury finding that instant petitioner was then sane.

"Proof is circumstantial on the face of extant record and can be enlarged in a full hearing of the instant petition.

---

4. Lee sought an en banc hearing for this appeal pursuant to Local Rule 25 (old rules). However, the suggestion of a hearing en banc was denied pursuant to the proper procedures on May 21, 1968.

5. See Adams v. United States ex rel. McCann, 1942, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268; Juelich v. United States, 5 Cir. 1965, 342 F.2d 29, 31, 32.

6. Shelton v. United States, 5 Cir. 1953, 205 F.2d 806, 812, 813; Duke v. United

States, 9 Cir. 1958, 255 F.2d 721, 724; Brasier v. Jeary, 8 Cir. 1958, 256 F.2d 474, 476, 477, 67 A.L.R.2d 1096.

7. The district judge expressed the opinion "that Lee consciously, intentionally and quite shrewdly abandoned his contention that he was not competent to stand trial, because he does not desire commitment to an Alabama mental hospital * * *." Lee v. Alabama, M.D.Ala.1967, 291 F. Supp. 925, n. 2.

"2.

"A conspiracy to commit petitioner to the state insane asylum under authority of Title 15, Section 425, Code of Alabama, 1940, in the teeth of the above referred to jury finding of petitioner's sanity. That segment of conspiracy was consummated October 23, 1942, by the commitment order signed by the trial court judge, and the actual commitment October 24, 1942.

"Proof is circumstantial on the face of extant record, and can be enlarged and defined in the full hearing sought.

"3.

"A conspiracy to secure rendition of a lunacy commission report of this petitioner's fraudulent insanity, the result of which was a Report to the trial court dated July 21, 1943, the same appearing of record in the trial court transcript and by verbatim publication in a newspaper.

"The fraudulent nature of the Report is carried on its face, and the whole is provable in the full hearing now sought.

"4.

"A conspiracy of trial court and trial counsel (with the silent acquiescence of prosecution) to try petitioner on the capital charge of the indictment while under the legal disability and onus of his reported and published insanity, in defiance of Title 15, Section 426, Code of Alabama, 1940, and the common law.

"Proof is extant and absolute on the face of trial transcript record and needs but be produced and shown in the full hearing now sought.

"5.

"Of appellate record is proof positive of knowing, willful and continual denial of due process of law and equal protection of the laws, substantive and procedural, over a period in excess of twenty years in this case.

"The records themselves and the several opinions rendered in the case need but be produced and shown for proof in the full hearing now sought on petition for the Writ of Habeas Corpus."

Though afforded full opportunity to offer proof of the claimed conspiracy, the only evidence which Lee could muster was the trial records themselves accompanied by his own repeated statements of opinions that he is the victim of false and fraudulent misconduct.

We are impressed with Lee's apparent sincerity in the belief that he would have been better off if the defense of insanity had never been raised and instead the murder charge had been defended on its merits. Nonetheless, Lee candidly admitted on this last habeas hearing that the testimony which he gave on the trial of the case in October 1943 [8] was true only "so far as it went." The district court also questioned Lee as to his first pro se brief filed in the Supreme Court of Alabama on December 29, 1964, on petition for rehearing of the judgment affirming his conviction:

"THE COURT: I notice here in your argument to the Supreme Court, you were contending that you were insane?

"MR. LEE: Yes, sir; that is so; that is so. Would you like for me to account for that?

"THE COURT: Yes.

"MR. LEE: I undertook in the first petition, the—the—the Exhibit that has just been entered to be as absurd as I possibly could, logically absurd. Mr. Lee in effect died, as you might say, in the middle of a sentence in which he was claiming that I was as crazy as a jackrabbit. He used that phrase, by the way, in his argument to the jury, as crazy as a jackrabbit. So I undertook to pick up in spirit, as you might say, exactly where he left off, to make him as much of a fool as I possibly could.

---

8. That testimony is quoted in full in Lee v. Wiman, 5 Cir. 1960, 239 F.2d 257, 262, n. 6.

"THE COURT: The man that had just died?

"MR. LEE: That—yes, sir. That accounts—that accounts for the content of—the spirit of the petition."

 Lee having thus cooperated on his trial and on appeal with the presentation of what he now claims to have been a fraudulent defense of insanity, his claim of fraud and conspiracy is precluded by his prior conduct. We agree with the district court "that there is simply no evidence tending to prove any conspiracy against Lee."

Nothwithstanding the fact that Lee abandoned any contention that he was incompetent at the time of his trial and conviction for murder, the district judge carefully and cautiously complied with the en banc court's mandate and answered each of the pertinent four questions. The district court found that: "Lee was, in fact, mentally competent to stand trial in October 1943 and that there was no deprivation of his constitutional rights by the failure of the Alabama authorities to conduct a hearing pursuant to § 426, Title 15, Code of Alabama, for the purpose of determining his mental competency at that time." Lee v. Alabama, supra, 291 F.Supp. 927.

 Lee argues that Pate v. Robinson, supra, requires his immediate discharge because the state court denied his right to a competency hearing twenty-five years ago. The Supreme Court held in Pate:

"Since we do not think there could be *a meaningful hearing on that issue at this late date,* we direct that the District Court, after affording the State another opportunity to put Robinson to trial on its charges within a reasonable time, order him discharged."

(Emphasis added.)

383 U.S. at 377–378, 86 S.Ct. 836, 838, 15 L.Ed.2d 815. In the case *sub judice,* however, the district judge specifically found that there could be a meaningful

hearing afforded Lee on the issue of competency. We cannot say that this finding was clearly erroneous. Indeed, fortuitous circumstances prevailed here, and we therefore go so far as to agree with the findings of the district judge. Dr. J. S. Tarwater, a member of the lunacy commission which originally determined Lee's sanity, testified that Lee could be given a fair competency hearing now and that all records pertaining to Lee were available. Lee himself exhibited a "phenomenal" ability for recollection of past events. Moreover, one Ben Baker, who was Clerk of the 1943 trial court was available as a demeanor witness. In addition, the transcript of the 1942 sanity hearing was available to the district court. These circumstances clearly distinguish the instant case from *Pate* where the court indicated that "expert witnesses would have to testify solely from information contained in the printed record." (Emphasis added.) 383 U.S. at 387, 86 S.Ct. at 843. We therefore hold that the district judge did not err in finding that Lee's competence to stand trial in 1943 could be adjudicated in 1967.

 The district court then conducted a hearing and determined that Lee was competent to stand trial in 1943. We hold that this determination was not clearly erroneous in light of the competency standard announced in Dusky v. United States, 1960, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824:

"* * * whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him."

Cf. McDonald v. United States, 5 Cir. 1966, 355 F.2d 482, 483. That Lee's sanity may have been in doubt in 1943 does not preclude a finding that he was competent to be a defendant in a court of law. As the cases have pointed out, one may be suffering from a mental dis-

ease which is at the root of antisocial action and simultaneously have a rational and factual understanding of court proceedings and be able to consult with a lawyer on a reasonably rational basis. James v. Boles, 4 Cir. 1964, 339 F.2d 431; Lyles v. United States, 1957, 103 U.S.App.D.C. 22, 254 F.2d 725.

 Lee vigorously contends that there are other bases for habeas corpus relief. The district court rejected these arguments in careful and thoughtful fashion, and we hold that no error infected these conclusions. First, Lee argues that he was denied a speedy trial because of a nine-month commitment to an asylum before trial. However, Lee's own counsel recommended that he be committed for observation; no objection was made until twenty years later; and Lee's nine-month stay in the mental hospital did not so prejudice him as to amount to reversible error even if a denial of speedy trial were found.[9] Bruce v. United States, 5 Cir. 1958, 351 F.2d 318, 320. Second, Lee argues that his trial counsel acted "fraudulently" in 1943. This is nothing more than a bare allegation made more than two decades after the fact. Since there is no evidence in the record to suggest that Lee's counsel acted improperly and since his lawyer was reputed to be an eminent Alabama trial attorney, we find that the district court correctly dealt with this contention. Third, Lee argues that admission of testimony that he was insane at the time of the crime tainted his effectiveness as a witness. As the district judge pointed out, it must be kept in mind that Lee's primary defense was insanity. Thus, it would be folly to conclude that testimony supporting Lee's prime defense would have to be suppressed just so personal testimony could be made more credible. Fourth, Lee contends that he was subjected to cruel and unusual punishment and that the totality of circumstances reflects a constitutionally infirm trial. These contentions are wholly without foundation in the record. Finally, Lee contends that the court and counsel so intimidated him that he was unduly submissive to the court in 1943. The record simply does not show any facts supporting this naked allegation. The district court properly disposed of all these contentions by concluding, as we do, that Huey Lee is not entitled to habeas corpus relief on these unsupported contentions.[10]

The judgment is

Affirmed.

## ON PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

---

9. Lee also contends that the statute by which he was committed is unconstitutional on its face. Lee's assertion is patently defective, for it is obvious that a state may commit for observation those persons whom it reasonably believes may be suffering from a mental disease, the result of which may be grossly antisocial behavior. Code of Ala., Tit. 15, § 425 (recomp.1958). An attack on the constitutionality of this statute has never been sustained in the Alabama courts, and we see no patent defect. Cf. Doughty v. Tarwater, 261 Ala. 263, 73 So.2d 540 (1954).

10. We note that Judge Johnson made "available for any legitimate purpose without cost to petitioner Lee" the processes of the court. Lee moved to call about 75 witnesses at the hearing, including Mr. Justice Hugo Black, Attorney General Ramsey Clark, and others, whose contribution to the hearing would amount to no more than their physical presence in the courtroom. Judge Johnson found that "a judge cannot permit the processes of the court over which he presides to be grossly abused." 291 F.Supp. 923. We agree with this finding.