Odraye G. JONES, Petitioner,

v.

Margaret BRADSHAW, Warden, Respondent.

No. 1:03 CV 1192.

United States District Court, N.D. Ohio, Western Division.

July 28, 2004.

Paul A. Mancino, Jr., Cleveland, OH, for Petitioner.

Carol A. Ellensohn, Columbus, OH, Daniel R. Ranke, Cleveland, OH, for Respondent.

*ORDER*

KATZ, District Judge.

Odraye G. Jones, Petitioner, retained counsel Paul Mancino to represent him in this matter. Thereafter, Mancino filed a Petition for Writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the Petitioner's behalf (Doc. No. 17). Petitioner now has filed three motions, *pro se*, seeking to expand the record, amend the Petition, and obtain an evidentiary hearing (Doc. Nos. 62, 65, 68). The Petitioner also has filed a Notice to the Court indicating that he is dissatisfied with his retained counsel and that he wishes to act as co-counsel in this proceeding (Doc. No. 69). The Respondent has objected to each motion on the grounds that because the Petitioner has retained counsel, he cannot file *pro se* motions. The Respondent also has opposed each motion on the merits (Doc. Nos. 63, 66, 70, 71). For the reasons stated herein, the Court denies the Petitioner's motions without prejudice and without consideration on the merits.

Pursuant to 28 U.S.C. § 1654, in all United States courts, "parties may plead and conduct their own cases personally or by counsel...." 28 U.S.C. § 1654. The Sixth Circuit has held that in a criminal case, a defendant has the right to be represented by counsel or to self-representation, but not both. *United States v. Mosely*, 810 F.2d 93, 97 (6th Cir.1987). Finding that the use of "hybrid representation," or representation by counsel and *pro se*, would confuse the jury and cause undue delay, the *Mosely* Court held that the district court had not abused its discretion by prohibiting it. *Id.* at 98.

While the Sixth Circuit has yet to issue an opinion regarding hybrid representation in habeas corpus cases, other courts have held that no such rights exists. For example, in *Donovan v. State*, No. 00–268–P–H, 2001 WL 179887, at *1 (D.Me. Feb.16, 2001), the district court held that it would not consider documents filed by counsel in a "limited appearance" when the petitioner already had stated that he intended to proceed *pro se.* Following criminal case jurisprudence, the *Donovan* court held that a habeas corpus petitioner was not entitled to hybrid representation under § 1654. *Id.* Other courts have held similarly. *See Lee v. State of Alabama*, 406 F.2d 466, 469 (5th Cir.1968)(finding habeas petitioner could proceed *pro se* or through counsel but had no right to hybrid representation); *Estrada v. Cockrell*, No. 3:01–CV–0371–P, 2003 WL 21488224, at *2 (N.D.Tex. Apr.23, 2003)(following *Lee* ).

The Court finds that, pursuant to the above authority, the Petitioner cannot proceed by hybrid representation in this matter. Because the *Mosely* Court, which adjudicated on a criminal defendant's constitutional right to hybrid representation, found that none exists, this Court consequently must find that a habeas petitioner, whose right to counsel is merely statutory, *see* 21 U.S.C. § 848(q), has no right to hybrid representation. Moreover, the Court finds the *Donovan* court's reasoning persuasive. The language of § 1654 suggests that parties may proceed either with or without counsel, but makes no provision for hybrid representation.

Because the Petitioner cannot proceed by means of hybrid representation, he must choose of the following three options: First, the Petitioner may continue to retain Mancino as counsel of record in this matter. Second, he may elect to terminate his relationship with Mancino and request the Court to appoint other counsel to represent him. Third, he may decide to act *pro se* in this habeas proceeding.

If the Petitioner chooses to act *pro se,* the Court will hold a hearing on this issue. If the Court accepts the *pro se* representation, the Court will then decide the merits of the Petitioner's motions. Conversely, if he chooses to accept legal representation, the Court will deny the Petitioner's *pro se* motions. The Court will consider the content of these motions only upon re-filing by retained or appointed counsel. Additionally, if the Petitioner obtains legal representation, he may not file any further *pro se* documents with this Court.

Accordingly, the Court denies the Petitioner's motions, (Doc. Nos. 62, 65, 68), without prejudice and without consideration on the merits. The Petitioner has thirty (30) days from the date of this Order to notify the Court of his chosen method of representation in this proceeding.

IT IS SO ORDERED.