MOORE, Judge,
dissenting.
Although I agree that this court has the discretion to treat appeals as petitions for a writ of mandamus, I believe we should not do so in this case.
Our supreme court has explained:
“ ‘ “A court has a duty to avoid constitutional questions unless essential to the proper disposition of the case.” ’ Lowe v. Fulford, 442 So.2d 29, 33 (Ala.1983) (quoting trial court’s order citing Doughty v. Tarwater, 261 Ala. 263, 73 So.2d 540 (1954); Moses v. Tarwater, 257 Ala. 361, 58 So.2d 757 (1952); and Lee v. Macon County Bd. of Educ., 231 F.Supp. 743 (M.D.Ala.1964)). ‘“Generally courts are reluctant to reach constitutional questions, and should not do so, if the merits of the case can be settled on non-constitutional grounds.” ’ Lowe, 442 So.2d at 33 (quoting trial court’s order citing White v. U.S. Pipe & Foundry Co., 646 F.2d 203 (5th Cir.1981)). ‘ “No matter how much the parties may desire adjudication of important questions of constitutional law, broad considerations of the appropriate exercise of judicial power prevent[ ] such determinations unless actually compelled by the litigation before the court.” ’ Lowe, 442 So.2d at 33 (quoting tidal court’s order citing Troy State Univ. v. Dickey, 402 F.2d 515 (5th Cir.1968)).”
Chism v. Jefferson County, 954 So.2d 1058, 1063 (Ala.2006).
This case presents a constitutional question whether a juvenile court can order a parent to reside in a certain facility while undergoing rehabilitation aimed at reunifying that parent with a dependent child. The main opinion disposes of that question by concluding that K.S. (“the mother”) invited the juvenile court to enter an order requiring her to live at Mary’s Shelter (“the shelter”) by testifying that she intended to complete its program and by failing to object when the juvenile court stated its intention to enter an order requiring her to complete that program. I disagree with any implication that a parent who states an intention to reside at a certain place during a rehabilitation period thereby consents to a court order preventing the parent from residing elsewhere. I also question whether the mother waived the constitutional issue by failing to object to the juvenile court’s oral pronouncement of its intended ruling at the end of the hearing because our caselaw holds that such statements have no legal effect. See Hayes v. Hayes, 16 So.3d 117, 120 (Ala.Civ.App.2009) (quoting Armstrong v. Armstrong, 550 So.2d 1017, 1018 (Ala.Civ.App.1989), citing in turn Hobbs v. Hobbs, 423 So.2d 878 (Ala.Civ.App.1982)) (‘“a trial court’s oral divorce decree is unauthorized and ineffective’ ”). Finally, I believe the mother’s constitutional challenge survives even though she also argues that the restriction should be lifted based on new evidence that she could obtain the same services elsewhere. Hence, I cannot concur in the manner in which the main opin *717 ion avoids the constitutional issue and resolves what the majority treats as the mother’s petition for a writ of mandamus.
That said, because the issue does raise serious concerns regarding the power of juvenile courts to restrict the residency of parents of dependent children during a rehabilitation period, I believe this court should insist that those concerns be presented through the. proper vehicle. The mother failed to file a petition for a writ of mandamus, which would have allowed the juvenile court to file an answer presenting its justification for entering the judgment and its reason for denying the mother’s constitutional objection to the same. This court has been deprived of that information because of the incorrect manner in which the mother elected to proceed. Those considerations, along with the general disinclination to address constitutional issues, compel me to conclude that we should not exercise our discretion to consider this appeal as a petition for a writ of mandamus. Therefore, I respectfully dissent.