THOMAS, Judge.
Morgan Murphy ("the father") and Erica Murphy ("the mother") were married on February 14, 2014. There is one child ("the child") of the marriage. On June 5, 2015, the mother filed a complaint in the Jefferson Circuit Court seeking, among other things, a divorce from the father, an award of joint legal custody of the child, an award of "primary" physical custody of the child subject to the father's "liberal custodial periods," and an award of child support.[1] The father filed an answer to the mother's complaint to which he attached a copy of the parties' prenuptial agreement.
The circuit court entered a judgment ("the divorce judgment") that, in pertinent part, divorced the parties, purported to adopt the terms of the parties' prenuptial agreement, awarded "joint and legal custody" of the child to the parents and "primary" custody of the child to the mother, awarded the father visitation with the child, ordered the father to pay child support, and ordered the father to pay $10,000 toward the mother's attorney fees. The father filed a timely postjudgment motion, the circuit court entered an order denying the father's postjudgment motion, and the father filed a timely notice of appeal.[2]
Several comments made during the divorce trial demonstrate that the circuit court would not permit the father to offer testimony in support of an award of sole physical custody of the child to the father because he had not filed a counterclaim seeking custody. For example, the circuit-court *406 judge made the following comment to the father's attorney:
"You have no counter complaint, Counsel. You filed no counter complaint. I have no subject matter jurisdiction in regard to any relief. That's why I say he can defend, but there's no counter complaint that you've filed on his behalf. So I have no subject matter jurisdiction to consider custody but for the mother. There's no counter complaint."
On appeal, the father argues that the circuit court erred as a matter of law by failing to recognize that § 30-3-1, Ala. Code 1975, provides that, "[u]pon granting a divorce, the court may give the custody ... of the children of the marriage to either father or mother, as may seem right and proper," and that error violated his right to due process. There is no dispute that the circuit court denied the father an opportunity to present evidence in support of an award of sole physical custody of the child to him; thus, the material facts regarding the issue are undisputed and present a question of law, not a question of fact. See Poffenbarger v. Merit Energy Co., 972 So.2d 792, 794-95 (Ala. 2007). When the material facts are undisputed and the only issues presented involve pure questions of law, the appellate court's review is de novo. Christian v. Murray, 915 So.2d 23, 25 (Ala. 2005) ; Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala. 2004) ; and Magrinat v. Maddox, 220 So.3d 1081, 1084 (Ala. Civ. App. 2016).
Notwithstanding the fact that the father did not file a counterclaim regarding the child's custody, § 30-3-1 provides that a circuit court hearing a divorce case has the authority to enter a judgment awarding "either father or mother, as may seem right and proper," the custody of children of the marriage.
"The circuit court's jurisdiction to do so is derived from the principles of equity; where a child is physically present within the jurisdiction of a circuit court in this state, the court has inherent authority to act to protect the welfare and best interests of the child. [Ex parte] Handley [, 460 So.2d 167 (Ala. 1984) ]. A party need not specifically invoke the circuit court's inherent jurisdiction; rather, any pleading showing on its face that the welfare of a child requires an order with respect to its custody and support is sufficient to invoke the jurisdiction of the circuit court to settle the matter. Handley. Once the circuit court's jurisdiction is thus invoked, any matter affecting a child may become the subject of its adjudication. Handley."
Ex parte Lipscomb, 660 So.2d 986, 989 (Ala. 1994). The circuit court incorrectly concluded that it lacked subject-matter jurisdiction to award the father custody of the child and erred to reversal by denying the father an opportunity to present evidence in support of an award of sole physical custody of the child to him.[3]
*407 Next the father argues that the circuit court failed to give effect to the plain language of the parties' prenuptial agreement by ordering him to pay $10,000 toward the mother's attorney fees. In Laney v. Laney, 833 So.2d 644, 646 (Ala. Civ. App. 2002), we explained that,
"[a]lthough the ore tenus presumption applies to the trial court's findings of fact, no such presumption adheres to the trial court's application of the law to those facts. Ex parte Agee, 669 So.2d 102, 104 (Ala. 1995). The [parties'] arguments are based upon the interpretation of certain provisions and terms in the parties' antenuptial agreement; such interpretations, like the interpretation of unambiguous contracts, are questions of law. See Agee, 669 So.2d at 105 ; Stacey v. Saunders, 437 So.2d 1230, 1233 (Ala. 1983)."
"[T]rial courts may not dispose of property addressed in an antenuptial agreement in a manner that is inconsistent with that agreement." Hubbard v. Bentley, 17 So.3d 652, 654 (Ala. Civ. App. 2008). The divorce judgment reads, in pertinent part:
"[T]he parties executed a prenuptial agreement prior to their marriage. Neither party challenged the validity of said prenuptial agreement. A copy of the prenuptial agreement was made a part of the Court's file. The provisions of the prenuptial agreement are adopted and incorporated as if set forth fully herein.
"....
"The [father] shall pay to the [mother]'s attorney ... the sum of Ten Thousand and 00/100 Dollars ($10,000.00) towards the [mother]'s attorney fees."
However, paragraph seven of the parties' prenuptial agreement reads, in pertinent part:
"In the event that the parties hereto shall marry and said marriage shall hereafter be dissolved ... by ... divorce ... neither party shall have any right or claim against the assets or estate of the other for ... attorney's fees[,] court costs, [or] legal expenses."
In her appellate brief, the mother points our attention to Ex parte Walters, 580 So.2d 1352, 1355 (Ala. 1991), in which our supreme court explained that when "a provision of a valid ante-nuptial agreement specifically states that attorney fees will be waived in the event of a divorce, a trial court cannot award attorney fees unless it would be inequitable and unjust to enforce that provision." (Emphasis added.) The mother argues that it is inequitable and unjust to enforce the attorney-fee provision in the parties' prenuptial agreement because testimony demonstrated that the father earned more income than she did and that her mother had paid her attorney fees. However, the divorce judgment contains no finding that the enforcement of the provision was inequitable or unjust; therefore, the father has demonstrated that the circuit court failed to enforce the plain language of paragraph seven of the prenuptial agreement.
In conclusion, we reverse the divorce judgment regarding the child's custody and remand the cause for further proceedings on the issues of child custody and child support.[4] In addition, we reverse the *408 divorce judgment regarding attorney fees and remand the cause for the circuit court to vacate that portion of its divorce judgment ordering the father to pay $10,000 toward the mother's attorney fees.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Pittman and Donaldson, JJ., concur.
Moore J., concurs in the result, without writing.
Thompson, P.J., recuses himself.

"Primary physical custody" and "liberal custodial periods" are phrases undefined by § 30-3-151, Ala. Code 1975. See e.g., Smith v. Smith, 887 So.2d 257, 261 (Ala. Civ. App. 2003).

Judge Dorothea Batiste presided over the divorce trial and entered the divorce judgment. Thereafter, Agnes Chappell was elected as a judge of the Jefferson Circuit Court, and Judge Chappell presided over the postjudgment hearing and entered the postjudgment order. No transcript of the postjudgment hearing appears in the record on appeal.

In light of our determination that the circuit court incorrectly concluded that it lacked subject-matter jurisdiction to award sole physical custody of the child to the father, we need not consider the father's due-process argument.
" ' "A court has a duty to avoid constitutional questions unless essential to the proper disposition of the case." ' Lowe v. Fulford, 442 So.2d 29, 33 (Ala. 1983) (quoting trial court's order citing Doughty v. Tarwater, 261 Ala. 263, 73 So.2d 540 (1954) ; Moses v. Tarwater, 257 Ala. 361, 58 So.2d 757 (1952) ; and Lee v. Macon County Bd. of Educ., 231 F.Supp. 743 (M.D. Ala.1964) ). ' "Generally courts are reluctant to reach constitutional questions, and should not do so, if the merits of the case can be settled on non-constitutional grounds." ' Lowe, 442 So.2d at 33 (quoting trial court's order citing White v. U.S. Pipe & Foundry Co., 646 F.2d 203 (5th Cir. 1981) ). ' "No matter how much the parties may desire adjudication of important questions of constitutional law, broad considerations of the appropriate exercise of judicial power prevent[ ] such determinations unless actually compelled by the litigation before the court." ' Lowe, 442 So.2d at 33 (quoting trial court's order citing Troy State Univ. v. Dickey, 402 F.2d 515 (5th Cir. 1968) )."
Chism v. Jefferson Cty., 954 So.2d 1058, 1063 (Ala. 2006).

Because we have determined that further proceedings are necessary regarding the issue of child custody, we pretermit discussion of the father's argument regarding child support. See Favorite Mkt. Store v. Waldrop, 924 So.2d 719, 723 (Ala. Civ. App. 2005) (stating that this court would pretermit discussion of other issues in light of dispositive nature of one issue).