**UNITED STATES of America**

**v.**

**Patricia SWINTON, Defendant.**

**No. 70 Cr. 230(MP).**

United States District Court,
S. D. New York.

Sept. 19, 1975.

---

Frederick H. Cohn, Betty A. Levinson, New York City, for defendant.

Paul J. Curran, U. S. Atty., S.D.N.Y., New York City, by David Cutner, Asst. U. S. Atty., for plaintiff.

## MEMORANDUM

POLLACK, District Judge.

The defendant, Patricia Swinton, has moved for an order granting her application to participate as co-counsel in the trial of the indictment pending against her. She is charged with aiding and abetting and conspiring to bring about the destruction of property of the federal government in a series of bombings which took place in New York City in the fall of 1969. The defendant had been a fugitive from that time until her apprehension in March, 1975.

Swinton is represented by experienced counsel,[1] and has not sought to conduct the trial *pro se*. After affording the defendant the opportunity to argue *in propria persona* in support of her motion to

---

[1]. Mr. Frederick H. Cohn, one of Ms. Swinton's attorneys, represented other defendants subject to the same indictment in proceedings which took place in 1969–70.

act as co-counsel and after due reflection thereupon, the court denies the motion. The circumstances of this case do not warrant a departure from the normal procedures which are well designed to assure a fair trial and protect the integrity of the judicial process.

█ It is settled law in this Circuit that a criminal defendant has no Sixth Amendment right to act as his own counsel where he is also represented by an attorney. *United States v. Wolfish*, 525 F.2d 457 (2 Cir. 1975). Furthermore, there is some indication that, as the government has argued here, such participation by a defendant in his own defense is affirmatively prohibited. In *Wolfish, supra,* the Court of Appeals declared that the defendant "had an experienced counsel and, so long as he retained him, he could not appear *pro se.*" 525 F.2d at 463. *See U. S. v. Plattner,* 330 F.2d 271, 276 (2d Cir. 1964) (trial judge must instruct defendant seeking to act *pro se* "that he has the *choice between* defense by a lawyer and defense *pro se*") (emphasis added); *U. S. v. Mitchell,* 137 F.2d 1006, 1010 (2d Cir.), *aff'd on rehearing,* 138 F.2d 831 (1943), *cert. denied,* 321 U.S. 794, 64 S.Ct. 785, 88 L.Ed. 1083 (1944) (right to have assistance of counsel and to appear *pro se* "cannot be both exercised at the same time").

█ Nevertheless, the Second Circuit's rule appears to be that it is within the discretion of the trial judge to determine whether the defendant may act as his own counsel in conjunction with representation by an attorney.[2] *See United States v. Private Brands,* 250 F.2d 554, 557 (2d Cir. 1957), *cert. denied,* 355 U.S. 957, 78 S.Ct. 542, 2 L.Ed.2d 532 (1958). This also appears to be the rule in the other circuits which have addressed the issue.[3] Nor does anything in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) affect that determination. In finding a right to appear *pro se* in the Sixth Amendment, the Supreme Court made no reference to the sort of "hybrid" representation sought here. Moreover, *Faretta* ratified a consensus within the federal judiciary favoring a constitutional right to *pro se* status; that consensus has existed side by side with another finding that a defendant's appearance as co-counsel lies within the discretion of the trial court.

█ Where a defendant's choice of legal representation is not constitutionally protected, as here, consideration of the individual's freedom of choice must be balanced against the need to ensure the orderly proceedings essential to a fair trial. It is likely that the interests of justice will only rarely be served by a defendant's supplementation of the legal services provided by his retained counsel.[4] *See Brasier v. Jeary,* 256 F.2d

2. The dictum in *Wolfish, supra,* presumably is to be read in the context of the trial court's discretionary denial of the defendant's request. A contrary interpretation would appear to make *Wolfish* inconsistent with *United States v. Spencer,* 439 F.2d 1047 (2d Cir. 1971). In *Spencer,* the Court of Appeals advised the district courts to make assigned counsel available on a standby basis to defendants who have waived their right to an attorney, with such counsel to provide assistance "to the extent that the defendant may wish to make use of his services." 439 F.2d at 1051. Such a procedure, whose end result might not be far different from co-counsel status, appears to have been approved in *Faretta v. California,* 422 U.S. 806, n. 46, 95 S.Ct. 2525, 45 L.Ed. 2d 562 (1975).

3. *See Lee v. Alabama,* 406 F.2d 466 (5th Cir. 1968), *cert. denied,* 395 U.S. 927, 89 S.Ct. 1787, 23 L.Ed.2d 246 (1969); *United States v. Conder,* 423 F.2d 904, 908 (6th Cir.), *cert. denied,* 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970); *United States v. Dellinger,* 472 F.2d 340 (7th Cir. 1972), *cert. denied,* 410 U.S. 970, 93 S.Ct. 1443, 35 L. Ed.2d 706 (1973); *Brasier v. Jeary,* 256 F. 2d 474 (8th Cir.), *cert. denied,* 358 U.S. 867, 79 S.Ct. 97, 3 L.Ed.2d 99 (1958); *United States v. Klee,* 494 F.2d 394 (9th Cir.), *cert. denied,* 419 U.S. 835, 95 S.Ct. 62, 42 L.Ed.2d 61 (1974); *Overholser v. DeMarcos,* 80 U. S.App.D.C. 91, 149 F.2d 23, *cert. denied,* 325 U.S. 889, 65 S.Ct. 1579, 89 L.Ed. 2002 (1945).

4. The defendant has directed the court's attention to four unpublished decisions of state

 

474, 478 (8th Cir.) *cert. denied,* 358 U.S. 867, 79 S.Ct. 97, 3 L.Ed.2d 99 (1958).

 Although the defendant is intelligent and articulate, and has pledged not to disrupt the court proceedings intentionally, she has not put forward sufficient grounds to warrant a finding that traditional representation is inadequate or inappropriate. The defendant contends that her personal participation at trial is necessary to satisfy her desire to take personal responsibility for the conduct of a trial whose outcome may seriously affect her life for many years, to implement her belief that citizens should participate in social institutions, and to enable her to counteract potential improper references to her life-style and political beliefs. Swinton also asserts that her ability to brief her attorneys adequately on the facts at issue has been hampered by the passage of five years since the occurrence of the alleged offense. Finally, and perhaps most compellingly, the defendant argues that, if certain of her former associates should appear as witnesses for the government, her conduct of their cross-examination would be the most effective in deterring them from offering false incriminating evidence.

Nonetheless, it is also possible that the defendant's cross-examination of prosecution witnesses with whom she has had a personal relationship would be effective in intimidating them from providing true but inculpatory testimony. Moreover, the defendant is represented by able counsel who have had ample experience and a thorough acquaintance with the matters in litigation, and who are disadvantaged little by the five-year delay caused by the defendant's conduct.

The Court finds no compelling reason which would justify an exception to the normal mode of representation in a criminal trial, and the motion is, accordingly, denied.

So ordered.

courts in which defendants were permitted to act as co-counsel at trial. *E. g., People v. Davis,* No. 3744 (Calif.Super.Ct., Marin County, June 4, 1972). In the absence of a report, the particular factors involved in such exercises of judicial discretion are unknown; it appears worthy of note, however, that the constitutions of many states, including California at the time of the Davis trial, provide that a defendant may "appear and defend, in person and with counsel." *E. g.,* Calif. Const. art. 1, § 13 (1849) (repealed November 5, 1974). *See Faretta v. California,* 422 U.S. 806 at 813, n.10, 95 S.Ct. 2525, 45 L.Ed.2d 562 (June 30, 1975) (citations to state constitutions). No decision in the federal courts granting co-counsel status to a defendant has been cited by Swinton.