**UNITED STATES of America, Plaintiff,**

v.

**Rufus GAINES, Defendant.**

**No. 72 S Cr 57.**

United States District Court,
N. D. Indiana,
Hammond Division.

July 8, 1976.

---

**15.** 42 U.S.C. § 2000e–5(f)(1).

Seventh Circuit on a motion pursuant to Section 2255, Title 28, United States Code.

## FACTS

Pursuant to a successful appeal for a new trial, defendant, Rufus Gaines filed a motion in the United States District Court, Hammond Division, requesting appointment of additional counsel pursuant to Section 3005, Title 18, United States Code.

During an evidentiary hearing held that same day, May 21, 1976, Gaines requested that he be permitted to represent himself as co-counsel in his prospective trial. The defendant was given until July 6, 1976 to file any and all such motions. All such motions are set for hearing on August 5, 1976 at 9:30 o'clock A.M.

## ANALYSIS AND CONCLUSIONS

The defendant's motion focuses the Court's attention on two related issues. First, when waiving the right to be represented solely by counsel, what level of competence must Rufus Gaines show to the Court before the motion for self-representation is granted? Stated differently, what level of incompetence must the defendant show before the Court can reject his waiver? Second, if the motion for self-representation is granted will the Court permit the defendant to retain his appointed counsel at the same time, thus giving him a form of hybrid representation?

Although the defendant, Rufus Gaines, has the right to forego assistance of counsel at trial, he must waive that right in an intelligent and competent manner. On the other hand, seeking to act as co-counsel along with an assigned attorney is a request that is granted, not as a constitutional right, but at the discretion of the trial judge.

In a recent opinion, the Supreme Court of the United States concluded that the Sixth Amendment vests the right to conduct the defense of a criminal case directly in the accused. He has a choice of self-representation or of assistance by coun-

John R. Wilks, U. S. Atty., Fort Wayne, Ind., for plaintiff.

Ronald F. Layer, Hammond, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This matter comes before the Court on a request by the defendant, Rufus Gaines, to be permitted to represent himself as co-counsel along with his court-appointed counsel in his new trial granted by the United States Court of Appeals for the

sel. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). This right is a personal one which the defendant may waive, provided it is waived intelligently, understandingly and in a competent manner. *Faretta, supra.* In determining whether there is an intelligent and competent waiver of the right to counsel, the Court must conduct an inquiry based upon the accused's capacity to make an intelligent choice of whether to retain advice of counsel or to defend himself. *Day v. United States*, 357 F.2d 907 (7th Cir. 1966).

In determining whether the waiver is made in an intelligent and competent manner, the district judge must ask more than merely perfunctory questions. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Even a flat statement by Rufus Gaines that he is competent to waive the right does not put an end to the matter. In order to grant the waiver, the Court must make sure it was understandingly and wisely made. *United States v. Plattner*, 330 F.2d 271 (2d Cir. 1965).

The Supreme Court has laid down certain requirements that a district judge must follow when the defendant seeks to waive counsel. *Von Moltke v. Gilles*, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948). The Court concluded that a mere announcement by the accused that he is waiving his right to be represented by counsel does not automatically end the judge's responsibility. There the court stated:

> "To be valid such a waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." Id. at 724, 68 S.Ct. at 323.

It is not required, and the judge should not expect Gaines to be familiar with all the intricacies of legal practice. In *Faretta* the Court discounted the defendant's technical knowledge as such, saying it was not relevant to an assessment of the defendant's ability to waive the right or representation by counsel intelligently and competently. *Faretta v. California*, 422 U.S. at 836, 95 S.Ct. at 2541, 45 L.Ed.2d at 582. The judge's inquiry must look only to the defendant's capacity to make an intelligent choice of whether to have advice of counsel or to defend himself.

The Supreme Court has admitted that in most criminal prosecutions, defendants could better defend with counsel's guidance than by their own unskilled efforts. The Court noted that although the defendant may conduct his own defense to his detriment, his choice must be honored. *Id.* When the proper request is made, the only question for the court is whether the defendant intelligently and competently decided to make the choice.

Rufus Gaines has the right to waive representation of counsel. By asking permission to proceed as his own co-counsel along with his assigned attorney he is in effect waiving this Sixth Amendment right to be represented by counsel. If he waives this right intelligently and competently by the criteria from the above cases, then the court must grant him that waiver.

Gaines is requesting permission to proceed in a hybrid form of representation. It should be pointed out that there is an abundance of case law that recognizes that the court has discretion in a *pro se* proceeding to appoint a "standby" counsel to merely advise or to give the accused meaningful technical assistance in presentation of the defense and the saving of the record for appeal. *United States v. Dujavnoic*, 486 F.2d 182 (9th Cir. 1973); *Bayless v. United States*, 381 F.2d 67 (9th Cir. 1967); *United States v. Dougherty*, 154 U.S.App. D.C. 76, 473 F.2d 1113 (1972); *Stepp v. Estelle*, 524 F.2d 447 (5th Cir. 1975). Counsel in such cases may not interfere with the accused's presentation unless requested.

Rufus Gaines' request, however is a different issue than the above *pro se* requests. Gaines is trying to receive both the benefit of experienced counsel and the benefit of acting as his own counsel. In prior cases

dealing with this same type of request by a defendant, the courts have stated that a defendant had a right to represent himself or to be represented by counsel but they did not have a right to this hybrid form of representation. *Lee v. Alabama,* 406 F.2d 466 (5th Cir. 1968), cert. denied, 395 U.S. 927, 89 S.Ct. 1787, 23 L.Ed.2d 246 (1969); *Brasier v. Jeary,* 256 F.2d 474 (8th Cir. 1958), cert. denied, 358 U.S. 867, 79 S.Ct. 97, 3 L.Ed. 99 (1958) (a civil case); *Duke v. United States,* 255 F.2d 721 (9th Cir. 1958), cert. denied, 357 U.S. 920, 78 S.Ct. 1361, 2 L.Ed.2d 1365 (1958). See also, *United States v. Dellinger,* 472 F.2d 340 (7th Cir. 1972) cert. denied, 410 U.S. 970, 93 S.Ct. 1443, 35 L.Ed.2d 706 (1973).

The Supreme Court decision in *Faretta* does not alter the established rule concerning this hybrid representation. In *Faretta* the court centered its opinion upon the right to appear *pro se* but did not make a reference to a right to the hybrid representation asked for by Gaines. The court did note in that decision that the state may appoint a "standby" counsel to aid the accused if necessary but no mention is made of the right to act as one's own counsel in concert with an attorney. *Faretta v. California,* 95 S.Ct. at 2541, n. 46.

A request similar to Gaines' was made by a defendant in the United States District Court for the Southern District of New York. *United States v. Swinton,* 400 F.Supp. 805 (1975). That court followed prior case law of the Second circuit stating that a criminal defendant has no Sixth Amendment right to act as his own counsel where he is represented by an attorney. *United States v. Wolfish,* 525 F.2d 457 (2d Cir. 1975); *United States v. Mitchell,* 137 F.2d 1006, 1010 (2d Cir. 1943), affirmed on rehearing, 138 F.2d 831 (1943), cert. denied, 321 U.S. 794, 64 S.Ct. 785, 88 L.Ed. 1083 (1944) (right to have assistance of counsel and to appear *pro se* "cannot be both exercised at the same time."). The defendant in the *Swinton* case was denied the request for hybrid representation even though she was intelligent and articulate. The court reasoned that she had not put forward sufficient grounds to warrant a finding that traditional representation was inadequate or inappropriate. *United States v. Swinton,* 400 F.Supp. at 807 (S.D.N.Y. 1975).

The United States Court of Appeals for the Tenth Circuit cited *Swinton* with approval when it also denied, upon appeal, a defendant's request to proceed in a hybrid form of representation. *United States v. Hill,* 526 F.2d 1019 (1975). That court noted in its opinion that a trial judge was not foreclosed from allowing hybrid representation in appropriate cases, rather it indicated no right to a hybrid representation exists. *Id.* at 1024.

What the "appropriate case" would be is not defined in *Hill.* The *Swinton* opinion makes a reference to the ability of counsel to adequately carry out the defense, that is, if the defendant cannot show the court a "compelling reason which would justify an exception to the normal mode of representation in a criminal trial, . . . the motion is . . . denied." *United States v. Swinton,* 400 F.Supp. at 807.

*Faretta* does not affect the determination in either *Swinton* or *Hill.* As noted in *Swinton* :

"*Faretta* ratified a consensus within the federal judiciary favoring a constitutional right to *pro se* status; that concensus has existed side by side with another finding that a defendant's appearance as co-counsel lies within the discretion of the trial court." *United States v. Swinton,* 400 F.Supp. at 806.

Rufus Gaines' motion to appear as co-counsel along with his assigned attorney should not be granted as a constitutional right but may be granted at the court's discretion. His request should be balanced against the need to ensure the orderly proceedings essential to a fair trial. A showing by the defendant that his assigned counsel is inadequate also seems to be a consideration for the court as noted in *Swinton.*

When considering the adequacy of the defendant's present counsel as a factor in granting the request to proceed in a

hybrid form of representation, the Court should note Rufus Gaines' motion for appointment of second counsel pursuant to 18 U.S.C., § 3005. It would seem that by adding another counsel the defendant is insuring the adequacy of his defense. In *Swinton,* the court wanted proof of inadequacy of counsel before it would grant the defendant her request to act as co-counsel. That inadequacy would seen difficult to prove to the court if Rufus Gaines has two competent attorneys at the counsel table. Without proof of inadequacy according to *Swinton,* Rufus Gaines' motion to act as co-counsel should be DENIED.