UNITED STATES

v.

Leo Doyle TANNER, Jr., 560 86 5800, Fire Control Technician (Guns,) Second Class (E–5), U.S. Navy.

NMCM 82 3317.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 18 Nov. 1981.

Decided 31 Aug. 1983.

---

* Senior Judge Bohlen took final action in this case prior to his retirement from the Court on June 30, 1983.

Daniel M. Schember, Civilian Defense Counsel.

LT Stephen R. Cochell, JAGC, USNR, Appellate Defense Counsel.

LCDR Craig A. Biegel, JAGC, USNR, Appellate Government Counsel.

Before BOHLEN, Senior Judge, and EOFF and KERCHEVAL, JJ.

KERCHEVAL, Judge:

Appellant was convicted, contrary to his pleas, by members at a special court-martial of a 137-day unauthorized absence, failure to obey the lawful order of a superior petty officer, two specifications of failure to obey the lawful orders of a superior non-commissioned officer, destruction of government property and assault on a petty officer while in the execution of his office, in violation of, respectively, Articles 86, 91, 108 and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 891, 908 and 928. He was sentenced to confinement at hard labor for three months, forfeiture of $183.00 pay per month for three months, reduction to the lowest enlisted pay grade and a bad-conduct discharge.

Our opinion is limited to an examination of the first two of appellant's four assignments of error:

## I

THE MILITARY JUDGE IMPROPERLY DENIED APPELLANT HIS RIGHT OF SELF REPRESENTATION.

## II

THE MILITARY JUDGE ERRED IN HIS "APPOINTMENT" OF LT LAUNEY AS DETAILED DEFENSE COUNSEL.

Our analysis of the military law in relation to the Supreme Court case of *Feretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and related federal cases, leads us to the conclusion that appellant was denied his fundamental right of self-representation. Additionally, we are of the opinion that the military judge erred, not in the "appointment" of LT Launey as detailed defense counsel, but instead improperly detailed him as appellant's standby counsel. Since our ultimate holding reverses appellant's conviction, we need not comment upon the remaining assignments of error.

### Factual Background

During a July 27th, 1981 Article 39(a), 10 U.S.C. § 839(a), session, appellant's detailed defense counsel indicated that appellant was unable to secure the services of a civilian counsel, but was still pursuing an individual military counsel (IMC) request. The defense counsel stated that he was not prepared to go to trial because:

> On the 22nd of July, I, LT LAUNEY, as detailed defense counsel was instructed by the accused that I was no longer to represent him as his defense counsel, and in fact, he relieved me at that time and stated that the only actions he wished me to do in his defense was to submit or at least assist in the submission of an individual military counsel request.

Before the close of the session, the military judge told the appellant, that to avoid any further delay, his witness request should be put in proper form so that the Government could respond to it. Then the military judge added:

> ... to assist you with that, the military judge is going to, at this point, honor your request with regard to releasing LT LAUNEY from further representation in this case. However, LT LAUNEY is being appointed as stand-by counsel... if you (appellant) have any questions on how to put this witness request in the proper form, the military judge would strongly suggest to you that you put it to your stand-by counsel as consultant as to how to do that...

Appellant was then arraigned. All questions were directed to his "standby" counsel and all responses were entered on appellant's behalf by the standby counsel.

Another 39(a) session was held on August 24th to record the progress of appellant's IMC request. Regarding the status of appellant's representation, the military judge stated:

> ... in reviewing the entire witness request, that it appears to this military judge, based upon your IMC requests and the request for witnesses in this case, that it's the view of the military judge that you are not capable of representing yourself in this court, especially in front of members, and its going to be a farcial trial where your rights aren't going to be preserved. ... the court at this point is inclined ... to appoint you a lawyer ... LT LAUNEY ... to defend you ... for what reason do you not wish LT LAUNEY ... to represent you?

ACCUSED:

> I don't want LT LAUNEY because of command partiality. I'd like to get command partiality out of this case. Also, the witness request I put in, some of these mistakes were made by my counsel and not—a lot of typographical errors.

The military judge responded that appellant had not indicated whether the witnesses had been contacted, nor provided their definite whereabouts or specifics of their expected testimony. Later in the session, appellant offers:

> ... the reason I don't want LT LAUNEY is because he prepared this (witness request) himself. He talked to me per-

sonally about it, then had it typed up and yet he didn't have me go through it to correct if anything (sic) . . . And so later on, after it's been submitted, I went through it and I'd found all the mistakes. (R. 19).

Later in the session, the military judge stated:

The court is well aware of entrapment being a defense, and you cannot proceed without a lawyer to bring such a defense. The military judge is convinced of that fact by seeing the paperwork and other matters that have been placed before this court.

The court-martial reconvened on August 28th, wherein the defense counsel stated on behalf of appellant:

. . . if Petty Officer Tanner does not receive a Coast Guard Lawyer and an Air Force lawyer is not made available as his IMC, it is Petty Officer Tanner's wishes that he be allowed to represent himself in this court. It is also understood by the defense that the Judge has already ruled that Petty Officer Tanner is not competent to represent himself. I would not— he's merely making a statement as—to put it on the record.

MILITARY JUDGE:

The ruling of this court will stand as entered in the record before with regard to proxy (sic) representation in this case.

At another hearing on October 22nd, the military judge stated that if appellant was unable to obtain an IMC, "the detailed counsel shall represent the accused before this court." Finally, on November 17th, the military judge noted that an Air Force lawyer from Clarke Air Base, Republic of the Philippines, had been made available and would have represented appellant on September 30th but for the fact that appellant voluntarily absented himself from September 14th to October 17th. The IMC was no longer available because his tour was completed. The military judge then found that appellant's further right to seek an IMC had been waived by his own misconduct, and therefore, "we will proceed with the trial today with the detailed defense coun-

sel in this case, who was originally detailed to defend the accused." From this point onward, the military judge looked exclusively to LT LAUNEY to represent appellant before the court-martial.

## OPINION

From the outset, we note that it is unclear from the record what the military judge's intentions were concerning the status of appellant's representation. At one instance, he did not declare appellant to be a *pro se* accused, yet treated him as such. In another instance, he declared appellant to be a *pro se* accused, yet dealt exclusively with the detailed defense counsel whom he had designated as "standby" counsel. Finally, when appellant made a formal request, through counsel, to represent himself, the military judge, without conducting a waiver of counsel inquiry, denied the request based upon his prior finding that appellant was incapable of representing himself.

## DENIAL OF RIGHT OF SELF-REPRESENTATION

The right to proceed *pro se* is "universally recognized so long as the defendant is *sui juris* and mentally competent," and a waiver of representation should not be accepted unless it is shown to be intentionally made with full knowledge of its consequences. *United States v. Howell*, 11 U.S. C.M.A. 712, 29 C.M.R. 528 (1960). Similarly, paragraph 48, *Manual for Courts-Martial, 1969 (Rev.) (MCM)*, provides in part:

. . . An accused may, if he desires, conduct his own defense without assistance of counsel. In such a case, the military judge or the president of a special court-martial without a military judge (15*b*), shall advise him of his right to be represented by qualified counsel. In any case, whether represented by counsel *or himself*, an accused may have a nonlawyer present and seated at the counsel table and may consult with him, subject to the discretion of the military judge or the president of a special court-martial with-

out a military judge... (Emphasis added.)

The Supreme Court in *Feretta, supra,* gave the right of self-representation a constitutional dimension, independent of its federal statutory base by grounding the right in the sixth amendment. Since the date of the *Feretta* decision, there have been no published military decisions addressing the right of self-representation in light of *Feretta.* Although the Court specifically held that a defendant in a *state* criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so, the sixth amendment nexus makes it equally applicable to trials by courts-martial.

■ An accused has a constitutional right to proceed without counsel, *Feretta, supra,* if it is first determined that such waiver is intelligently and competently made. *Adams v. United States,* 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268, 274 (1942); *United States v. Kraskouskas,* 9 U.S.C.M.A. 607, 26 C.M.R. 387 (1958); *United States v. Schmidt,* 4 M.J. 893, 895 (N.C. M.R.1978). Failure to conduct a waiver inquiry will result in one of two possible constitutional errors. First, if an accused upon his request to represent himself is simply allowed to do so, and then counsel is released without a waiver inquiry, there is no way to ensure that the accused competently and intelligently waived his right to counsel with full knowledge of its consequences. This would result in an effective denial of an accused's sixth amendment right to counsel. Second, if an accused upon his request to represent himself is not allowed to release counsel because of a failure or refusal to conduct the waiver inquiry, such would result in an effective denial of the accused's sixth amendment right to self-representation, per *Feretta,* by foisting unwanted counsel upon him. Once the requisite inquiry is conducted, however, the judge is not bound by the accused's *pro se* election, because the decision to grant the accused's request is discretionary and may be denied for cause. *VonMoltke v. Gillies,* 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed.

309 (1948); *Adams, supra; Howell, supra.* Since the decision is discretionary, there is no way of determining if an appropriate decision was reached unless *both* the judge's questions and the accused's answers appear in the record. *Johnson v. Zerbst,* 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1467 (1938).

■ In the instant case, the military judge committed both types of constitutional error within the same trial. In the first instance, a subsequent error negated its effect; whereas, in the second, the error was clear and uncorrected. The first occasion was when LT LAUNEY indicated to the military judge that appellant had relieved him from all duties except for assisting in an IMC request. The military judge granted the request and appointed LT LAUNEY as standby counsel to appellant. He conditioned LT LAUNEY'S advice to appellant upon a request from appellant for such. Appellant never specifically requested to represent himself, nor did the military judge attempt to ascertain his intent or conduct a waiver inquiry. Apparently, by appointing LT LAUNEY as standby counsel, the military judge viewed appellant's words, albeit incorrectly, as a constructive request to represent himself.

Had the military judge then physically excluded LT LAUNEY from the courtroom, his failure to conduct the waiver inquiry and resulting misdesignation of appellant as a *pro se* accused would have clearly resulted in a denial of appellant's sixth amendment right to counsel. The fact that LT LAUNEY remained on standby, however, made LT LAUNEY *effectively unavailable* to represent appellant because his role was an advisory one, subject to a request from appellant. It was only through a subsequent error that the military judge avoided denying appellant his right to counsel. That is, even though LT LAUNEY was standby counsel, the military judge dealt exclusively with him, both in and out of court. Appellant, prior to LT LAUNEY'S "reappointment" as counsel, never participated as his *own* counsel in the proceedings. Allowing standby counsel to act in a man-

ner inconsistent with the *pro se* status of an accused, however, denies that accused his right of self-representation. *United States v. Price*, 474 F.2d 1223 (9th Cir.1973); *United States v. Dougherty*, 473 F.2d 1113 (D.C. Cir.1972). Accordingly, the subsequent error caused appellant never to be *actually* without representation.

Although the military judge avoided clear constitutional error in the first instance, such error did arise as the compounded result of his prior, inaccurate *pro se* rulings. Later, when appellant, "for the record," specifically requested to represent himself if he could not secure an Air Force or Coast Guard IMC, the military judge summarily dismissed the request as being mooted by his prior, albeit unnecessary, determination of appellant's inability to represent himself. Even when the condition precedent to the request (the nonavailability of an IMC) was satisfied, the military judge did not conduct the inquiry so that appellant could receive meaningful consideration of his *pro se* request. His failure to do so, in response to appellant's request, resulted in a denial of appellant's sixth amendment right to self-representation.

■ In criticizing the actions of a military judge, we feel compelled to provide a clear statement of what factors an appropriate waiver inquiry should cover. We are of the opinion that the constitutionally *minimum* standard of inquiry necessary to establish a valid and effective waiver of representation is set out in *VonMoltke*, 332 U.S. at 723–734, 68 S.Ct. at 323–328:

> To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which a plea is tendered.

## APPOINTMENT OF STANDBY COUNSEL

Our decision to reverse appellant's conviction based upon the first assignment of error does not preclude us from examining the second assignment of error, especially in light of the fact that the first error may never have occurred if the military judge had available to him some guidelines on the use of standby counsel for a *pro se* accused.

■ Once an accused has appropriately waived his right to counsel, he has no constitutional or statutory right to standby counsel. *Feretta*, 422 U.S. at 833–836, 95 S.Ct. at 2540–2541; *United States v. Shea*, 508 F.2d 82 (5th Cir.1975), *cert. denied*, 423 U.S. 847, 96 S.Ct. 87, 46 L.Ed.2d 69 (1975); *Lee v. Alabama*, 406 F.2d 466 (5th Cir.1968), *cert. denied*, 395 U.S. 927, 89 S.Ct. 1787, 23 L.Ed.2d 246 (1969), *reh'g denied*, 396 U.S. 871, 90 S.Ct. 44, 24 L.Ed.2d 129 (1969). The language of paragraph 48; *MCM*, should be construed in the disjunctive; that the accused may plead and conduct his case personally *or* by counsel. *Cf. United States v. Daniels*, 572 F.2d 535 (5th Cir.1978) (federal *pro se* statute, 28 USCS sec. 1654, construed in the conjunctive).

■ Although an accused has no right to standby counsel, he may request one subject to the discretion of the military judge. Normally, standby counsel should not be appointed in the absence of a specific request from an accused. *Silva, supra*. However, in cases which are expected to be long or complicated or in which there are multiple defendants, the military judge should consider the appointment of standby counsel, "even over the objection of the accused." *Feretta*, 422 U.S. at 834–835, n. 46, 95 S.Ct. at 2541, n. 46; *Cf.* STANDARDS RELATING TO THE FUNCTION OF THE TRIAL JUDGE, recommended by the Advisory Committee on the Judge's Function, American Bar Association Project for Criminal Justice, Standard 6–3.7 (proposes appointment of standby counsel in *all* such cases). The ability of a standby counsel to step into a case and effectively represent an

accused upon termination of his *pro se* status, may be severely impaired if he is not appointed from the outset and *allowed to remain in the courtroom* to view the proceedings. If the military judge fears that the members would be confused as to who is counsel—the accused or standby counsel—a brief, explanatory instruction will suffice.

■ In summary, the military judge erred by appointing standby counsel in the absence of a *pro se* request from appellant; by allowing the standby counsel to usurp the *pro se* role of appellant; by reappointing the standby counsel as detailed counsel in the absence of any misconduct by appellant or any refusal on appellant's part to comply with the relevant rules of procedural and substantive law; and by failing to obtain an appropriate waiver of counsel. These errors resulted in a denial of appellant's sixth amendment right to self-representation. We reverse appellant's conviction and return the record to the Judge Advocate General of the Navy for further proceedings not inconsistent with this opinion.

Judge EOFF concurs.

Senior Judge BOHLEN concurs in the result.*

* Senior Judge Bohlen took final action in this case prior to his retirement from the Court on