**UNITED STATES**

v.

**Airman Basic Paul P. MOGAVERO, Jr., FR 573–11–9591, United States Air Force.**

**ACM S26666.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 18 Dec. 1984.

Decided 18 June 1985.

---

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Major William H. Lamb and Major Francis T. Lacey, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Andrew J. Adams, Jr. and Lieutenant Colonel Robert L. McHaney, USAFR.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

A military accused has the right to defend himself *pro se* so long as he is *sui juris*, mentally competent and clearly and unequivocally makes known his desire to act as his own lawyer. R.C.M. 506(d); *United States v. Howell*, 11 U.S.C.M.A. 712, 29 C.M.R. 528 (1960); *United States v. Tanner*, 16 M.J. 930 (N.M.C.M.R.1983); *see Chapman v. United States*, 553 F.2d 886 (5th Cir.1977). When an accused asks to defend himself, the only question for the court is whether the decision was intelligently and competently made. His technical knowledge of the intricacies of legal practice is not relevant to the assessment of the right to defend himself. *United States v. Gaines*, 416 F.Supp. 1047 (D.Ind. 1976). Further, the manner in which an accused conducts his defense cannot establish his state of mind at the time he requested the right of self-representation. *United States v. Aponte*, 591 F.2d 1247 (9th Cir.1978).

In the trial *sub judice*, the appellant, when asked by whom he wished to be represented, replied, "I wish to represent myself." After the trial judge ascertained that the appellant had no legal training and after a review of the dangers and disadvantages of self-representation with him, the appellant again asserted "... that this is the better way to handle this trial." Thereafter, the trial judge allowed the appellant to defend himself, but directed that ap-

pointed defense counsel remain at the table to be available for consultation with the appellant, should the latter so desire. *See United States v. Tanner, supra.*

 Appellate defense counsel argue that the judge erred by permitting their client to defend himself. They maintain the appellant's actions during the trial, i.e., failure to conduct a *voir dire;* failure to exercise a peremptory challenge; failure to make an opening statement or to cross-examine witnesses and to present evidence in his own behalf, etc., demonstrated that he was incapable of defending himself and did not fully understand the consequences of not being represented by counsel. We find this argument unpersuasive, for when an accused elects to represent himself he is entitled to actual control over the case he chooses to submit to the fact-finders. *See Wiggins v. Estelle,* 681 F.2d 266 (5th Cir. 1982). Any trial errors resulting from his choice of tactics must rest on his shoulders. *See United States v. Aponte, supra.* We acknowledge that the pitfalls of self-representation are many and deep, but an accused is allowed to make this decision if he is told of the dangers and disadvantages and the record establishes "he knows what he is doing and his choice is made with his eyes open." *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). Our reading of the record convinces us the appellant made an intelligent and knowing decision to squander his right to counsel. The trial judge was correct in honoring the appellant's request for self-representation. *United States v. Romero,* 640 F.2d 1014 (9th Cir. 1981).

 Appellate defense counsel also argue the evidence is insufficient to sustain the appellant's conviction for disobeying a lawful order and dereliction of duty through culpable negligence. We disagree and are convinced of his guilt beyond a reasonable doubt. Article 66(c), U.C.M.J. The findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and MURDOCK, Judge, concur.