## UNITED STATES

v.

**Airman First Class Patrick W. HEROD,**
FR 287–58–7910, United States
Air Force.

**ACM 24987.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 15 May 1985.

Decided 16 Jan. 1986.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major Charles E. Ambrose, Jr.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Lieutenant Colonel Donal F. Hartman, Jr., and Major Thomas O. Maser, USAFR.

Before HODGSON, FORAY and MICHALSKI, Appellate Military Judges.

### DECISION

HODGSON, Chief Judge:

The right of an accused to be represented by an attorney in whom he has confidence, and with whom he has established an attorney-client relationship, is a basic tenet of military jurisprudence. *See United States v. Jordan*, 46 C.M.R. 403 (A.C.M.R.1972). This relationship, once begun, may not be terminated except upon a showing of good cause. *United States v. Kelly*, 16 M.J. 244 (C.M.A.1983). In the case at hand the trial judge terminated the appellant's attorney-client bond with his appointed counsel and directed that a new counsel be appointed. In concluding that the trial judge erred in this regard, we think it necessary to outline the salient facts leading to our decision ordering a new trial.

In January 1985, allegations of drug abuse involving cocaine, methamphetamine and marijuana were made against the appellant, and Captain E was appointed his counsel. Earlier, she had represented a Senior Airman Mendez in a drug case and his name became linked with the appellant's during the pretrial investigation. In April, Captain E was notified that the Government intended to call Mendez, who was no longer on active duty, as a prosecution witness. Seeing a potential conflict of interest, she sought guidance from the Chief Circuit Defense Counsel. See Air Force Regulation 111–1, *Military Justice Guide*, 1 August 1984, para. 13–3(e) and Table 13–1. The appellant was aware of this potential conflict but insisted that she remain as counsel. Accordingly, she remained his counsel with the concurrence of the Chief Circuit Defense Counsel. Approximately five days before the trial was to begin, the trial counsel told Captain E that if she did not withdraw from the case

*prior to trial,* he would file a complaint with her state bar association. Believing the threat to be real and potentially damaging to her professional status, she asked for and received permission from the trial judge to withdraw from the trial, citing a potential conflict of interest. Appellant government counsel do not dispute the circumstances that led to Captain E withdrawing from the case, but argue that she *wanted* to withdraw so therefore the trial judge had no reason to have her remain. The staff judge advocate, in his recommendation to the convening authority, discussed the "threat" attributed to the trial counsel, but found nothing improper in his conduct.[1]

The appellant made it absolutely clear at trial that he wanted Captain E as his counsel regardless of any conflict of interest she might have resulting from her prior representation of Mendez. Further, he waived his right to have her cross-examine Mendez or otherwise confront him. This choice was his to make once he was aware of the pitfalls. *Accord United States v. Mogavero,* 20 M.J. 762 (A.F.C.M.R.1985). Here, the appellant agreed to waive his right to conflict-free counsel. Accordingly, the trial judge improperly severed his attorney-client relationship with Captain E. Reversal is required without regard to the existence of prejudice. *United States v. Cote,* 11 M.J. 892 (A.F.C.M.R.1981).

For the foregoing reason, the findings of guilty and the sentence are incorrect in law, and they are set aside. The record of trial is returned to The Judge Advocate General. A rehearing is ordered.

FORAY, Senior Judge, and MICHALSKI, Judge, concur.

---

**1.** The situation just described sorely troubles us. An allegation of professional misconduct is a serious matter and should be made only after the circumstances have been fully evaluated. A formal complaint to a state licensing board is not the first step to be taken, but one of the last. It appears to us that the trial judge is the appropriate arbitrator on any potential conflict of interest that might arise during a trial. *See United States v. Breese,* 11 M.J. 17 (C.M.A.1981). There is no need for either counsel to "threaten" the other with the issuance of a complaint to the state bar. We commend the reading of paragraph 1-8, AFR 111-1 in those situations where the professional conduct of an attorney is questioned.